D. A. J. BAKER *et al.*, Appellants, *vs.* THE CITY OF ST. PAUL, Respondents.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

To constitute a dedication of the streets, alleys and public grounds in a town to public uses, under *Chapter 26 of the Compiled Statutes, page 369,* the plat must be executed and recorded in substantial compliance with the provisions of the act.    When this is done, no acceptance of the dedication is requisite on the part of the public to perfect it.

When however, parties survey and plat a town, but execute and acknowledge the same so de-fectively as not to entitle it to record, and the defective plat is filed and recorded in the office of Register of Deeds, and the public, subsequently and before the same is withdrawn or revoked by the proprietors, accept the same. and rights are acquired under such plat, it will operate as a dedication of the streets, alleys and public grounds designated on such plat, by way of estoppel, and the dedicators will not be permitted to interrupt the public in its enjoyment of the easements so acquired.

*By the Court.*—FLANDRAU, J.—The facts, as we collect them from the record, are as follows : On the 28th day of Febru-ary, 1849, certain lands, embracing the piece in dispute, be-longed in fee to Louis Roberts and Henry H. Sibley.    On

that day said Roberts and Sibley, together with others, made a plat of said lands, calling the same the " City of St. Paul,'' and filed the same with the Register of Deeds of the county in which the lands were situated. Upon this plat was Sibley street, which was sixty feet wide, and extended from the Mississippi river north, beyond Fifth street. This plat was made under a law of Wisconsin Territory which was the same as *Chapter* 26 *of the Compiled Statutes, of this State, page* 369. *Section* 4 of said chapter provides that the plat shall be acknowledged by the proprietors, if made by them, and cer.. tified by the surveyor before being recorded. An attempt at compliance with this provision was made, and is in the following form :

" TERRITORY OF WISCONSIN, } *ss.*
         *County of St. Croix,* }

" On the 28th day of February, 1849, personally appeared before me the undersigned owners of lots in the town of St. Paul, and acknowledged the annexed to be a true plat of the town aforesaid, according to the survey made by me.

                              " IRA BRUNSON.
                   " DAVID LAMBERT,
                            Justice of the Peace.
                   " BENJAMIN W. BRUNSON,
                            Justice of the Peace."

Then follow the names of fourteen persons,among which appear those of David Lambert and Benjamin W. Brunson, whom the counsel for the Appellants informs us are the justices who took the acknowledgment. The evidence shows that Ira Brunson was the party who made the survey. There is also a note upon the plat showing the width of streets, lots, &c., but not signed ; no other certificates appear except those of the recording officers.

As near as we can divine, this certificate of acknowledgment was intended by the parties as a short cut to all the requirements of the statute on the subject, and the law of acknowledgments. It ends " according to the survey made by me," and is signed by the surveyor, which was probably designed for his certificate of the survey, and the signature of the two justices is probably intended to cure the difficulty of

a justice taking his own acknowledgment, they both being parties to the plat. The acknowledgment is otherwise defective in not showing that the parties who made it were personally known to the officer who took it. Such an execution of the plat would not, in our opinion, entitle it to record; and, consequently, so far as a statutory dedication of the streets and other public parts of the land is concerned, it was not accomplished. This view is given with reference to statutory dedication, strictly and technically considered; whether the act of making such a survey and plat, and the public proclamation of the same, by filing it in the Register's office for public inspection, would not, under certain circumstances, work a dedication *in pais*, is another question which we will examine with reference to the facts of this case.

For aught that appears, this map was the first that was ever made of the city of St. Paul. It seems to have been surveyed in 1847 and 1848, as stated by the witness Olivier, but nothing more is shown about it. The first legislative recognition of such a place that we find is in the Organic Act, passed March 3, 1849, which, by *section* 13, locates the seat of government at that place. The case is utterly silent as to size of the town, or whether it was built with reference to the plan adopted in this plat. It gives us no evidence except the most vague hints that there were any people or buildings there at the time of the plat being made, or that any improvement was made in the town intermediate the platting by these parties and the plat made by the Plaintiffs on the 24th day of July, 1849, or the time of the purchase by the Plaintiffs of the land.

Where a party makes a statutory dedication of this nature to the public, it is exceedingly doubtful whether he can revoke it under any circumstances, except in the manner provided by statute, through the courts, and that, whether there has been any action taken upon it by the public or not. The act becomes one of public record, and the general public are entitled to act upon it so long as it is not cancelled by an act of equal solemnity and authority. This, however, is not the case with an act of private dedication, or what is termed a common law dedication. Here there must be some act

of acceptance on the part of the public. 2 *Greenleaf on Evidence, section* 662 ; and until such is the case, the dedicator may revoke his act even if it was one of such an unmistakable character as the posting of a written proclamation in one of the public offices of the county. Until there is an acceptance by the public, it remains a mere voluntary proposition. After acceptance it becomes a contract in which the public as one party has vested rights, and as such irrevocable without the consent of both parties, or by operation of law. Acts of dedication, as well as acts of acceptance, may take place in a variety of ways, and depend upon a variety of circumstances. -The case of highways is generally made out by user on the one part, and acquiescence on the other. In these cases no particular time is fixed by law to make the dedication consummate. Each case must depend upon its own facts. *Barkley vs. Howell's Lessee,* 6 *Peters,* 498; *Denning vs. Roome,* 6 *Wendell,* 651. The true test is " the assent of the owner of the land to the use, and the actual enjoyment of the use for such a length of time that the public accommodation and private rights might be materially affected by an interruption of the enjoyment." *The City of Cincinnati vs. White's Lessee,* 6 *Peters,* 431; *see also* 2*d Greenleaf on Ev.,* sec. 662, *note* 2.

Where the act of dedication is something more definite than mere acquiescence in the user, as for instance, a distinct declaration of the fact by word or deed, then time is only material as regards the acceptance : that once made out, and the dedication is perfect.

In this case it appears that shortly after the defective plat was made and filed by Sibley, Roberts and others, the land was sold by Sibley and Roberts to parties under whom the Plaintiffs purchased and hold. It was not sold by lots or blocks, in accordance with the plat, but by metes and bounds and by deeds absolute and unconditional on their face. The Plaintiffs under this purchase re surveyed it, and laid it out into lots and blocks, with appropriate streets, &c., and recorded it in the manner required by the statute, and called it " Whitney & Smith's addition to St. Paul." In this latter plat which was acknowledged on the 24th day of July, 1849,

Sibley street does not extend south towards the river farther than 5th street, whereas in the first plat it was continued past 5th street to the river. The present municipal authorities of St. Paul, regarding the street as dedicated by the first plat between 4th and 5th streets, began to open it, which is the trespass complained of herein.

In order to maintain the dedication as an estoppel against Sibley and Robert, it must be made to appear that some acceptance of their act of throwing the street open to the public had taken place, before the revocation of it by their sale to the Plaintiffs and the subsequent platting by them. The witness Olivier, says, "Sibley street was not open in 1849. It was travelled somewhat not on line of the street, but across lots. There is a steep bank between 4th and 5th streets. From 4th street down there was a marsh. From 5th street up it was pretty land: Don't recollect that it was used as a street. But few of the streets were used in 1849. The survey of the original town of St. Paul was made in the winter of 1857 and 1858." The witness Lott, says, in answer to the fifth interrogatory propounded to him, that none of the streets or lots in Whitney's & Smith's addition were occupied and used as such before May, 1849, and that the public are now using the streets and lots in this addition, under the survey of May, 1849. He says further, that "up to the time of the survey by H. Wilson, in May 1849, none of the streets as now used in said addition were open to the public, and none of them had been used as streets or highways. In May, 1849, there was on said addition only one house and a log shanty, and the same was principally fenced in by tamarack rails, and had been used for agricultural purposes. I subsequently had the fence taken down and sold the rails. There was no public road or street of any kind whatever passing over said Whitney & Smith's addition, in May, 1849, when said survey was made."

From this evidence it is very hard to find anything like an acceptance by the public of the first act of dedication before it was withdrawn. It is our opinion that the judgment upon this evidence should have been for the Plaintiffs. There are certain facts appearing in the case that satisfy us that there should be a re-trial of it. The certificate of the register of

deeds to the first plat shows that the same, as appended to the case, is only a portion of the whole that was filed. And as the counsel for the city asserts so positively in his argument that other parts of it were accepted and used by the public, (of which we can know nothing in the absence of proof,) we will order a new trial instead of judgment for the Plaintiff. It is of too much importance to be decided upon a doubtful state of facts.

Judgment reversed and new trial ordered.