SARAH BRIDGES, Appellant, *v.* HENRY L. WYCKOFF .et al., Respondents.

The owner of certain lands caused the same to be laid out into lots and streets, and a map thereof to be made and filed. In 1836 some of the lots were conveyed to B., the deed describing them as bounded on the sides of the streets adjoining; the deed conveyed also the grantee's interest in one-half of the streets lying immediately in front of the lots, "the same to be used, however, as public streets or roads forever." B. built a fence in front of some of the lots, inclosing eighteen feet in width of the adjoining street By several mesne conveyances the lots in 1862 came to the plaintiff ; all of the deeds contained the same provision as to the streets; the portion thereof not so inclosed was open for travel, although not formally opened or worked as a street. In 1871 the commissioners of highways of the town, by order, declared the street to be a public highway, and thereafter defendants, as commissioners, removed the fence. In an action of trespass, *held,* that the act of the original owner was a dedication of the land contained in the street as a highway; that there was no revocation of the dedication up to the time of its acceptance by the commissioners ; that the erection and maintenance of the fence was not, to the extent of the land included therein, a revocation, as in the deeds the dedication was expressly recognized; and that by the acceptance the dedication became complete, the street a public highway, and defendants were justified in removing the fence.

Also, *held,* that the provision of the statute (1 R. S., 520, § 99, amended by chap. 311, Laws of 1861) declaring that a highway shall cease to be such which is not opened and worked within six years did not apply, as the land did not become a highway until accepted as such in 1871

Also, *held,* that plaintiff could not claim the land by adverse possession, as he took under a conveyance recognizing the public right, and so it was not held adversely.

(Argued September 27, 1876 ; decided October 6, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department reversing a judgment for the plaintiff, entered upon a decision of the court on trial without a jury, and granting a new trial.

This was an action of trespass.

The facts sufficiently appear in the opinion.

*Wm. W. Goodrich* for the appellant. The land in question never was a highway. (*Powers* v. *Suff. Mfg. Co.,* 4 Cush.,

332; *Hobbs* v. *Lowell*, 19 Pick., 405; *City of Oswego* v. *Oswego Canal Co.*, 6 N. Y., 267; *Childs* v. *Chappel*, 9 id., 258; *Holdane* v. *Trustees, etc.*, 21 id., 478; *Clements* v. *Vil. of West Troy*, 16 Barb., 251; *Trustees, etc.*, v. *Otis*, 37 id., 50.) If the land was a highway in 1836, and not having been worked for six years, it *ipso facto* ceased to be such any longer. (*Lyon* v. *Munson*, 2 Cow., 426.) Plaintiff acquired title by adverse possession. (*Baldwin* v. *City of Buffalo*, 29 Barb., 396; *Comrs.* v. *Taylor*, 2 Bay., 292; Wash. on Ease. and Serv., 218, 219; *Peckham* v. *Henderson*, 27 Barb., 207.)

*John H. Bergen* for the respondents. Plaintiff having conveyed lots, by deeds referring to the streets, is thereby estopped from denying their existence. (*Rodermund* v. *Clark*, 46 N. Y., 357; Bigelow on Estoppel, 578; *Hyde* v. *Baldwin*, 17 Pick., 303; *Brown* v. *Ricketts*, 3 J. Ch., 553; *Thebusson* v. *Woodford*, 13 Ves., 209; *Churchman* v. *Ireland*, 1 R. & M., 250; *Tibbitts* v. *Tibbitts*, 19 Ves., 655; *Smith* v. *Smith*, 14 Gray, 532; *Wood* v. *City of Wmsburgh*, 46 Barb., 601; *Hathaway* v. *Payne*, 34 N. Y., 108, 109, 116.)

EARL, J. It appears that prior to 1836 the owner of land which included the premises in question, laid his land out into lots with streets, one of which is called Locust street. These lots and the streets were designated on a map filed in the county clerk's office. Subsequently lots were sold bounding them upon this street to various persons. Several of the lots were conveyed to Joseph F. Bridges in 1836, some of them lying on Locust street. The deed to him, after describing the lots and bounding then upon the side of the street, contained the following clause: "together with all the right, title and interest of the parties of the first part in and to the one-half of such streets as lie immediately in front of all the lots hereby conveyed, the same to be used, however, as public streets or roads forever." By several mesne conveyances, the last of which was in 1862, several of these lots on Locust street came to the plaintiff. All the deeds contained the clause

above set out. In 1836, after the deed to him, Joseph F. Bridges built a fence in front of the lots in question, and inclosed with his lots eighteen feet in width of the street, and the fence as thus erected was maintained until it was removed in 1873 by the defendants, by the acts complained of in this action. Prior to 1871 this street was never formally opened or worked as a street, but the land was open, except the eighteen feet inclosed with plaintiff's lots, and people crossed and traveled upon it as they chose. In 1871 the commissioners of highways of the town, upon petition of freeholders, made an order declaring Locust street to be a public highway, and directing it to be opened and worked, and in 1873, by direction of defendants, then commissioners of highways, the fence was removed, plaintiffs having first been notified to remove it, which was the trespass complained of.

These facts are not disputed, and it is not disputed that they showed a sufficient dedication of the land contained in Locust street to the public for a street.

All that was needed, therefore, to make the land dedicated a public street was the acceptance of the land dedicated by the proper public authorities as a street, and it is undisputed that there was such acceptance by the highway commissioners of the town in 1871.

There had been no revocation of the dedication at any time. The original proprietors and all the other parties interested might have united and revoked the dedication before acceptance by the public authorities, but this they did not do. It is claimed, however, that the erection and maintenance of the fence inclosing part of the street was to that extent a revocation. The answer to that claim is that it was manifestly not so intended, because in all the deeds coming down as late as 1862, the dedication and the street are expressly recognized. Hence the dedication became complete in 1871. (*The City of Oswego* v. *Oswego Canal Co.*, 6 N. Y., 257 ; *Child* v. *Chappell*, 9 id., 246 ; *Holdane* v. *Trustees, etc.*, 21 id., 478 ; *Baker* v. *St. Paul*, 8 Minn., 494 ; Washburne on Eas. [2d ed.], 195 ; *Requa* v. *The City of Rochester*, 45 N. Y., 129.)

It is claimed that this street ceased to be a highway because it was not opened or worked in six years. The provision of the statute here alluded to does not apply to this case, as the land dedicated for the street did not become a highway until it was accepted as such in 1871.

It is further claimed that the plaintiff can hold the land fenced in with her lots by adverse possession. The difficulty with this claim is that the land was not adversely claimed or possessed. She took her deed in 1862, and in that the street and the right of the public to use it as such was expressly recognized. The deed showed that at that time there was no claim of right as against the dedication or the right of the public to take and use the land as a street.

It appears to us, therefore, that the defendants as commissioners of highways were completely justified in the removal of the fence.

The order must be affirmed and judgment absolute ordered against the plaintiff, with costs.

All concur.

Order affirmed and judgment accordingly.