ISAIAH S. CORWIN, APPELLANT, *v.* ARLETTA CORWIN, RESPONDENT.

*Dedication of an alley to the use of purchasers of lots from a common grantor — right of one to acquire title to a part of the alley by adverse possession.*

The owner of a tract of land for the purpose of selling the same, caused it to be surveyed and divided into lots, streets and alleys, and made and filed a map thereof from which he sold lots to various persons. The streets and alleys were laid out and dedicated for the use and enjoyment of the purchasers of the lots and their grantees, but were never accepted by the public as such.

*Held,* that where the purchaser of one of the said lots had erected a building extending to the centre of an alley upon which his lot was bounded, and had there maintained it for over twenty years, the right of the purchaser of one of the other lots to maintain an action to have the building removed as an obstruction of the alley, was barred by the statute of limitations.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

In 1832 James Tuthill, owning the land where the village of Jamesport now is, caused it to be surveyed and laid out in building lots, streets and alleys, and had a survey and map made, and sold lots and gave deeds bounding by the streets and alleys, and some-

times referring to the map. Among others he laid out on said map an alley twenty feet wide, parallel with Main street, and ninety feet westerly from it leading from Front street to Peconic Bay, and bounded the lots on each side of the alley by the alley.

The plaintiff's premises are on the northwest corner of Main street and Front street, fronting on Main. The defendant's premises are on the southwest corner of Main and Front, fronting on Main and bounded west by the said alley.

The defendant on the rear of her lot has a large building extending more than half way across the alley, which has stood there for over twenty years, and a smaller building which has stood there about two years.

This action was brought to enjoin the defendant from so occupying the alley, claiming that it obstructs the plaintiff's right of travel and his view, and shuts out the sea breeze.

*D. W. Reeve,* for the appellant.

*N. D. Petty,* for the respondent.

BARNARD, P. J.:

The alley in question was never a public highway. It was never accepted by the public as such. The case in this respect differs from *Bridges* v. *Wyckoff* (67 N. Y., 130). In that case the commissioners of highways had, before the dedication made, as in this case, by maps duly filed and by conveyances referring thereto, declared the street to be a public highway. In the present case there is but the map filed and the conveyance referring thereto. There is not and never has been any acceptance. The defendant by his deed took the fee of the alley to its centre, subject to the rights of the other grantees of the mapped property to have the alley open for all. (*Perrin* v. *N. Y. Central R. R. Co.,* 36 N. Y., 120.) Before acceptance of the dedication by the public the parties interested might have revoked the dedication, but this has never been done, except that the defendant's grantor built on the alley more than twenty years ago a house which is now complained of as an obstruction. Although this was not a formal revocation by all the parties, in legal effect it bars all claims against the defendant. The grantees

of other lots had a right of action to remove this obstruction when erected. The alley not being a public highway, was not subject to the rule of law that the trespass was a continuing one, and that prescription from lapse of time gave no right as against the public. It was solely a matter of private right, and as such must be enforced within twenty years after action accrued, and not after that time if there was an adverse holding. The court has found this fact from the evidence, which fully warrants the finding. The defendant has therefore strictly made out a defense. The plaintiff's right of action has not accrued within twenty years, and therefore the complaint was properly dismissed.

Judgment should be affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.