STATE HISTORICAL ASSOCIATION, PLAINTIFF IN ERROR, v. THE CITY OF LINCOLN, DEFENDANT IN ERROR.

1.  **Evidence:** ORAL DECLARATIONS.    The oral declarations of the commissioners of the state, who located, surveyed, and platted the city of Lincoln, are not competent evidence to prove the purpose for which the reservation of a block was made. This could be proved only by the plat and report of the commissioners, together with the act of the legislature confirming them.

2.  ——: IMMATERIAL.    Where evidence offered at a trial can have no legitimate bearing on any matter put in issue by the pleadings, it is immaterial, and its exclusion is proper.

3.  **Dedication:** WITHDRAWAL OF: ACCEPTANCE.    A dedication of property by the state to a private corporation in trust for a public use may be withdrawn at any time before its acceptance. The bringing of an action to recover the property from a subsequent donee is not an acceptance.

THIS was an action of ejectment, brought by plaintiff in the district court of Lancaster county, to recover possession of block 29 in the city of Lincoln.    Plaintiff claimed title by virtue of its incorporation in August, 1867, and the reservation of said block for its use by the state, at the time Lincoln was located, for "State Historical and Library Association."    Defendant claimed title under a special act of the legislature passed in 1875 (Laws 1875, p. 317), do-

nating said block to it for a " Market Place." Judgment below before POUND, J., for defendant.

*Galey & Abbott* and *Harwood & Ames,* for plaintiff in error, cited : *U. S. v. Ill. Cent. R. R. Co.,* 2 Bis., 174. *Warren v. Mayor of Lyons,* 22 Iowa, 174. *Huber v. Gazley,* 18 Ohio, 18. *Lebanon v. Warren county,* 9 Ohio, 80. *Le Clercq v. town of Gallipolis,* 7 Ohio, 218. *Williams v. Smith,* 22 Wis., 566. *Vick v. Vicksburg,* 1 How. (Miss.), 427. *City of Macon v. Franklin,* 12 Ga., 239. *Rutherford v. Taylor,* 38 Mo., 315. *Commonwealth v. Rush,* 14 Pa. St., 186. *Hoadley v. City of San Francisco,* 59 Cal., 265. *Godfrey v. City of Alton,* 12 Ill., 29. *Smith v. Town of Flora,* 64 Ill., 93.

*Marquett, Deweese & Hall,* for defendant in error, cited : 1 Dill. Mun. Corp., 494. *White v. Smith,* 37 Mich., 291. *Bridges v. Wyckoff,* 67 N. Y., 130. *Chicago v. Joliet,* 79 Ill., 25.

LAKE, CH. J.

Most of the errors assigned relate to the admissibility of certain evidence offered by the plaintiff, in respect to which there is really but a simple question. It was proposed to give in evidence, by several witnesses, certain declarations said to have been made by the agents of the state, at a public sale of city lots lying in the vicinity of the block in controversy, as to the purpose for which it had been reserved. The only object there could have been in introducing these declarations was, of course, to establish the fact of a dedication of the block to the use of the plaintiff. For such an object they were clearly incompetent. These agents of the state, or commissioners as they are called in the act of the legislature by which they were appointed, had no authority to speak for it respecting this matter. As to reservations in the city of Lincoln, their entire authority is found

24

in the act of June 24, 1867, "to provide for the location of
the seat of government of the State of Nebraska," etc.
Within certain specified limits they were required to select
a suitable site for a capital city, and to survey and stake it
out "into lots, blocks, streets and alleys, and public squares,
or reservations for public buildings." They were also re-
quired to have the same accurately platted, and to make a
report of their doings, in these and other particulars, "to
the next legislature." This they did, and in their report
they say that one block is reserved "for a state historical
and library association," and on their plat, block 29 is des-
ignated "State Historical and Library Association." The
legislature confirmed this report, which made it the evi-
dence of its intent in setting this block apart as one of the
reservations. It was the best evidence of the purpose for
which the block was designed, and the court did not err in
rejecting the oral statements made by the individual com-
missioners. The plat, report, and act of confirmation were
in existence; there was no ambiguity respecting them, and
no occasion for a resort to secondary evidence.

But while it is clear that the reservation was made for
the use of a state historical and library association, it is not
clear that it was designated for the use of the plaintiff, which
seems to be essentially a private corporation, although very
likely if the scheme of the originators had been fully car-
ried out, it would to some extent have been of public inter-
est. We think, however, that there is much better reason
for believing that it was designed for the use of an organ-
ization purely public in its character, and, like the State
University, for instance, placed under the control and pa-
tronage of the state.

It is also assigned for error, that the court refused to
permit evidence to be introduced as to "who first suggested
and advised the incorporation of" the plaintiff. Evidence
of this sort would have been wholly immaterial. The fact
of the incorporation of the plaintiff was permitted, which

was proper, for the reason that it was denied by the answer. But, as to "who advised it," this was of no consequence. So, too, of "why it was done." These facts could have been of no possible service in determining the issues between the parties. It was enough to know that the incorporation was effected, and the association thus made a legal entity, capable of taking and holding the property, if dedicated to its use. Where evidence offered at a trial can have no legitimate bearing upon any matter put in issue by the pleadings, it is immaterial, and its exclusion is not error.

But even if it be conceded that the evidence thus rejected was competent to show that the plaintiff was the intended beneficiary of this reservation, then our answer would be that its exclusion was without prejudice, for the reason that no acceptance of the grant by the association was shown. The plaintiff being a private corporation, an acceptance of the trust before the state withdrew the dedication was necessary to invest it with the title. *White v. Smith*, 37 Mich., 291. *Bridges v. Wyckoff et al.*, 67 N. Y., 130. *Incorporated Village of Lockland v. Smiley*, 26 Ohio St., 94. The only act on the part of the plaintiff evincing any interest in the block brought to the notice of the court, is the prosecution of this suit for its recovery. That, however, is no acceptance. *Cass County Supervisors v. Banks*, 44 Mich, 467. And even if it were, it came too late, for the legislature had already withdrawn the offer, which it could certainly do, and re-dedicated it to the defendant for another public use. The act of granting the block to the city was also a withdrawal of the former dedication.

Finally, it is assigned for error, that the finding and judgment are not sustained by sufficient evidence, and are contrary to law. In what we have already said upon the other points this one has been practically disposed of. For if, as we think was the case, the reservation were made with a view to a purely public use, of the character we have suggested, then, although it may have been the right of the

public to have the block preserved for that identical purpose, its diversion would give to the plaintiff no cause of action. The public do not complain. On the other hand, admitting that the reservation was made in the special interest of the plaintiff, then the total absence of evidence indicative of an acceptance by it was alone sufficient to prevent a recovery. On the whole, we are satisfied that justice has been done, and the judgment will be affirmed.

JUDGMENT AFFIRMED.