O’Gorman, J.
In this action of ejectment, the general term of this court directed a new trial, for the purpose of determining the question left undisposed of, at the former trial, whether the plaintiffs had good title in the premises in dispute. 3 N. Y. State Rep., 517.
As to a claim to adverse possession, which had been set up by the defendants, by reason of the occupancy of the premises by George Matsell, senior, under certain tax leases, the general term held that such adverse possession did not exist; chiefly because the owner of the fee had not, during *595 the running of these leases, the right to immediate possession, and could not have succeeded in an action of ejectment against said Matsell, senior.
At the recent trial before me, without a jury, the defendants changed their plan of defense, and produced evidence for the purpose of proving that these tax leases were absolutely void—that they presented no obstacle to the recovery of possession by the owner in fee—and" that, therefore, said Matsell, senior, had adverse possession as against the owner.
It is convenient to deal first with this new contention on the part of the defendant, because, if he can sustain it, the. plaintiff’s action must fail.
The first of these tax leases was executed in September, 1848, by the mayor, etc., to said George W. Matsell, senior, for the term of twenty-five years, which would not expire until September, 1873.
This lease was, soon after its execution, duly recorded, at the request of Matsell, senior, and he thus called public attention to his title as tax lessee.
Matsell, senior, first entered into possession of the premises in 1849, and, as far as appeared, under that tax lease.
There is no evidence that he then, or afterwards, made any other claim of title.
He remained in possession of the premises, built on them, and collected rents, until he conveyed them to one Mickle" by a quit-claim deed dated February 28, 1857.
He then also assigned the tax lease to Mickle, for a valuable consideration ($5,057), as stated in the deed of assignment.
Mickle thereupon entered into possession, and received rents, etc., for a year, when he resigned his possession to Matsell, senior, who re-entered upon the premises, but without any written conveyance to him by Mickle, or any reassignment to Matsell, senior, of the tax lease.
During the whole occupancy of the premises by this Matsell, before his conveyance to Mickle, he never, in any way, disaffirmed or impugned the validity of the tax lease to him, or set up or claimed any other title to the premises than that which depended on the tax sale.
In executing the quit-claim deed, no other title was asserted by Matsell, and his assignment of the tax lease to Mickle for $5,057, was not only inconsistent with any claim that the tax lease was invalid, but was a direct admission that it was valid and valuable.
The defendant now claims that that tax lease was absolutely void. I am not of that opinion.
At the worst, it was only voidable, and was effectual until its invalidity was asserted and proved in some legal proceeding to avoid the sale.
*596 No claim that it was invalid was made by the owner in fee, or by Matsell, senior, during the whole term of the lease, for twenty-five years. Matsell, senior, derived from it, and enjoyed, all substantial advantages and emolument, as if it was a valid lease, and he could not have been allowed to impugn its validity, after its term had expired. Ingraham v. Baldwin, 9 N. Y., 46.
A tenant, accepting the advantages of a lease, is estopped from denying the title of his lessor, or the truth of the recitals in the lease. Bridges v. Wyckoff. 67 N. Y., 130.
If Matsell had any interest in the premises, other than that which he derived under the tax lease, it was for him to show that interest. Bedell v. Shaw, 59 N. Y., 49.
Whether the lease was void, or voidable, Matsell, senior, held under that title, and none other, up to the time of his quit-claim deed to Mickle, and, if that title was, as is now claimed, void, Matsell, senior, had no title, under a written instrument, as under section 370 of the Code, or under a claim of title without a written instrument, exclusive of all other title, as under section 371 of the Code, and he was a znere intruder and trespasser on the premises. These sections of the Code are only declaratory of the rules of law in force when these transactions occurred.
Mere occupancy of land is not adverse possession.
In order to constitute adverse possession sufficient to defeat an ejectment, the defendant must show that his occupation was under claim of title hostile to every and all other title. Sturges v. Parkhurst, 50 Superior; 306, 307, 311; Bliss v. Johnson, 94 N. Y., 242.
The requisites of adverse possession are occupation, and the quo animo. Jones v. Smith, 73 N. Y., 205.
Up to the date of the quit-claim deed of Matsell, senior, to Mickle, the former had no such adverse possession of the premises in question.
Mickle holding, or appearing to hold, under a deed from Matsell, senior, might have claimed adverse possession, as against the owner in fee, for the year during which he, Mickle, did occupy the premises, but there is no ground whatever for any presumption that Mickle ever acquired, or claimed to have acquired, any title to the premises under the quit-claim deed, specially and apart from the title depending on the tax lease, assigned to him by Matsell, senior, simultaneously with "the execution of the quit-claim deed. On the contrary, the only reasonable presumption is that the tax lease was the written instrument on which he relied, to which the quit-claim deed was merely subsidiary. The tax lease was the only written instrument that Matsell, senior, had to show for any title, or color of title, which he may then have claimed. Mickle, therefore, had no possession adverse to the plaintiffs.
*597 What was the attitude of Matsell, senior, on his re-entry, after Mickle had retired ?
This the defendants regard as the cardinal question in this case; for if Matsell, senior, on re-taking possession, acquired any title, on which adverse possession could be founded, a period of twenty years’ adverse possession might be claimed against the plaintiffs.
Matsell, senior, when he re-entered, had no written re-conveyance from Mickle to him, and no re-assignment to him of the tax lease.
So far he had no written title, and there is no evidence that he made any claim of title, exclusive of all other title, as required by section 372 of the Code.
But he soon secured a written conveyance to him, on which he might support a claim to right of entry and possession.
A tax lease was executed by the Mayor, etc., to one Owens, in November, 1861, and assigned by Owens to him, Matsell, senior, for value, in 1862.
This lease was for fifteen years, and would not expire until November, 1876, and, for all that appears, he held under that lease as his only ground of title.
It is now claimed that this lease also was absolutely void.
As I have said as to the former lease, Matsell, senior, never, in any way, impugned the validity of this lease, during its existence.
If he did not hold under that lease as his claim of title, he was as wholly without title, as he had been before he executed his quit-claim deed to Mickle.
In either case he had no adverse possession.
There is still another aspect of the case, as to which a word should be said. Accepting the defendants’ proposition that the two tax leases were absolutely void, they yet would be valid as licenses, enabling Matsell, senior, to enter upon the premises, and collect the rents thereof. In such a case, possession so obtained, does not constitute adverse possession. St. Vincent's Asylum v. Troy, 76 N. Y., 113.
Matsell, senior, executed a deed of bargain and sale of the premises, to his son, George W. Matsell, junior, on April 22, 1870, and Matsell, junior, entered upon, and has continued to occupy the premises until the commencement of this action, October 19, 1883.
The only claim of adverse possession, in my opinion) which can be made, with any semblance of authority, by the defense," is during'the one year .during which it is claimed that Mickle held under a written instrument—that is, the quit-claim deed from Matsell, senior,—and the period when the defendant, George W. Matsell, son of Matsell, senior, held actual possession, after execution of the deed *598 of bargain and sale from Matsell, senior, to him April 22, 1870, and the time pf the commencement of this action, October 19, 1883, which two periods together, would not amount to twenty years.
The question whether the tax leases were, by reason of defects in the proceedings, antecedent to their execution, voidable, and could have been set aside if proper and timely measures had been taken, either by the owner in fee, to set aside the sale, or by the lessee, to recover the money paid by him, need not be discussed.
Conceding that they were voidable, neither the owner in fee, nor the tenant, Matsell senior, did take any such measures, and the leases became unassailable and binding on all parties concerned by the inaction of those who were in a position to impugn them.
The tax leases, as against the parties to them, and as against the owner in fee, were not invalid, but were effectual and binding. Clark v. The Mayor, etc., Superior Court, General Term, January 3, 1888.
But even granting that these leases were invalid, there is enough pf evidence, direct and inferential, that Matsell senior treated and bought and used these tax leases as muniments of title, that he sold one of them for a considerable sum of money, and that he never made any claim to title to the premises on any other ground.
It is my opinion that the evidence fails to support the claim of adverse title in Matsell senior, or in the defendant, Matsell junior, for a period long enough to defeat this action.
The only remaining question is as to the title of the plaintiffs.
In an action of ejectment, the law requires that the plaintiff should prove that he, or his ancestor, predecessor or grantor, was seized.or possessed of the premises in question within twenty years before the commencement of the action. Sherman v. Kane, 86 N. Y., 64.
Plaintiff can recover only on the strength of his own title, not on the weakness of his adversary’s. Bowers v. Arnoux, 33 Superior, 530.
The various objections made by the defendants to the testimony on the part of the plaintiffs in support of their claim of title for more than twenty years before the commencement of this action, are not well taken.
The testimony of Samuel Waldron was as clear, distinct and definite as to transactions which occurred in 1828, and as to the seizin and possession of Yallis Hopper at that time, as could have been expected, and was properly admitted as evidence.
The objections to the admissibility of the various deeds *599 put in evidence by the plaintiffs are not sustained. Hunt v. Johnson, 19 N. Y., 279, 293.
The identity of the premises as described in the deeds, with the premises in suit, is sufficiently proved by Holmes, the surveyor, and by the maps, plaintiffs’ exhibits 3 and 13. The identity of the parties to the several deeds is sufficiently proved.
The objection as to the deed from Bayley and wife to James Hathaway, that the execution by the wife was not properly acknowledged, is not material.
The deed of the husband alone conveyed all the estate subject to a contingent and inchoate right of dower in the wife, capable of maturing only on his death.
There is no proof that either the husband or wife here is living or dead.
In any case the husband had the unquestionable right to transfer by deed two-thirds of the property. Witthaus v. Schack 105 N. Y., 332; 7 N. Y. State Rep., 345.
The right of even a widow to dower, until it is assigned, is a mere chose in action, and only a claim.
The objection as to the informality of the execution of the will of Mary O. B. Penniman, is not material.
There is evidence that the devisees under the will were also the heirs at-law of the testatrix, and the only persons to inherit if no will had been made.
Their conveyance to John Doherty, the plaintiff’s intestate, was valid.
As to the maps produced on behalf of the plaintiffs, they were taken from the register’s office, and.had been in the custody of that public officer for many years, and in public use.
In my opinion, they were entitled to be regarded as public documents, subject to public use, and as such admissible in evidence.
The objection to the deed to Charles Jones from his grantors is not sustained.
The description of the property is sufficient for identification.
The proof of legal title submitted by the plaintiffs is, in my opinion, sufficient, and the best that under all the circumstances could have been expected and could have been procured.
The legal title being upheld, possession within the time required by law is presumed. Code Civil Procedure, § 368; Florence v. Hopkins, 46 N. Y., 182.
The various objections on the part of defendants to admissibility of evidence are overruled and exceptions allowed. The defendants’ motion to dismiss the complaint is denied.
Let judgment be entered, giving to the plaintiffs poses-session of the real property in question, with costs.