### RATHGABER *v.* VILLAGE OF TONAWANDA.

*(Supreme Court, General Term, Fifth Department.* January, 1891.)

DEDICATION—REVOCATION.

In 1853 the owner of land in defendant village platted the same into lots and streets, and caused a map thereof to be made. In 1875 one of the lots was conveyed to plaintiff by a deed which described it as bounded by one of the streets in question, which had not then been opened. Plaintiff took possession of the lot, including the street on which it was described as abutting, and cultivated it until 1887, when defendant opened the street. *Held*, that the acts of plaintiff in occupying such portion of the street was not a revocation of the dedication, since her deed recognized the street.

Appeal from circuit court, Erie county.

Action by Emily Rathgaber against the village of Tonawanda. A verdict for plaintiff was set aside and the complaint dismissed, and plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*Daniel N. Lockwood,* for appellant. *Emery & Sickmon,* for respondent.

MACOMBER, J. This action is ejectment to recover certain premises in the village of Tonawanda, N. Y., which the defendant had in the year 1887 opened and occupied as a public highway or street. Upon the trial, at the close of the evidence, the court directed a verdict for the plaintiff for the recovery of the amount of the land claimed, together with $15 damages for the withholding of the property. This disposition of the case, however, was made with the apparent consent of the counsel on both sides that if, after further consideration of the case, the learned judge should reach a different conclusion, he should, instead of granting a new trial, dismiss the complaint. The form, therefore, of the order by which the verdict previously directed was set aside and the complaint dismissed, is not available to the appellant. In the year 1853 the Cleveland Company, the source of title of both parties to this action, employed a surveyor to make a map of this and other land into city or village lots, with well-defined streets, upon which the several lots were bounded. The designation of such lots by streets was followed, in the year 1874, by a deed to Christoph Rathgaber, the plaintiff's husband, of the lot including the portion of land now in controversy in this action. The following is the description contained in such conveyance: "All that piece or parcel of land situated in Tonawanda, county of Erie, state of New York, lot No. 110, bounded as follows: Northerly by lot 109, easterly by Main street, southerly by Kohler street, westerly by lot 107, containing about an acre and a half, more or less." A portion of Kohler street above mentioned is the land in controversy. In January, 1875, Christoph conveyed these premises to his wife by the same description, with a slight and unimportant variation. In order to remove any doubt of the legality of making the deed directly from the husband to the wife both husband and wife joined in a conveyance to one George W. Pattison, which was acknowledged and recorded on the 28th day of March, 1877. The deed, however, to Pattison was for the purpose only of enabling him to make an effective and indisputable conveyance to the wife, which was accordingly done shortly thereafter. The plaintiff took possession of the land, including Kohler street, to the width of two rods, and cultivated the whole in

the usual manner in which such lands were cultivated. Up to that time no street or highway had ever been opened through the plaintiff's land to Kohler street, but had been opened from the canal to the railroad, which was but a short distance from the land in question. It is a noticeable fact, to which the learned trial justice gave due importance, that no part of Kohler street, so called, was included in the conveyance to any of the parties claiming under the title of the Cleveland Land Company; on the contrary, the land deeded to the plaintiff was bounded by such street. By section 9, c. 45, of the Laws of 1854, the streets in this village, which had theretofore been dedicated to public use by making of maps and selling lots fronting thereon, according to or by reference to such maps, by the owners of the adjoining lands, which had not been altered by the commissioners of highways, and the alleys and roads opened and used by the public for six years then passed were declared to be established as highways, whether the same had been laid out in compliance with the law in all respects or not. It is somewhat doubtful whether this act adds any strength to the position occupied by the defendant, for no steps were taken by it until June, 1887, to accept the dedication of the street theretofore made by the Cleveland Land Company or others, nor had it exercised any dominion over the land in question until that time. On the whole, it may not be improper to assume that the public did not accept the proffered opening of Kohler street until the acts of the defendant in the year 1887. During this period of non-user or non-acceptance of the dedication there had been no act done by the original proprietors or others, excepting as above mentioned, indicating a revocation of the previous dedication. The occupation of a portion of that street by the plaintiff is not a revocation thereof, because her deed recognized the street itself, and the lands therein are bounded by it. Under these circumstances, we think that this action cannot be maintained, and that, consequently, the learned judge at the trial was correct in revising his previous decision, made in the stress of the trial, in finally dismissing the complaint upon its merits. This conclusion is well supported by the case of *Bridges* v. *Wyckoff*, 67 N. Y. 130. In that case the owner of certain lands had caused them to be laid out into lots and streets, and a map thereof to be made and filed. In the year 1836 some of the lots were conveyed to Joseph F. Bridges, the deed to him describing them as bounded on the sides of the streets adjoining. The deed conveyed also the grantor's interest in one-half of the streets lying immediately in front of the lots, "the same to be used, however, as public streets or roads forever." The plaintiff built a fence in front of some of the lots, inclosing 18 feet in width of the adjoining street. By several mesne conveyances the lots in 1862 came to the plaintiff. All of the deeds contained the same provision as to the street. The portion thereof not so excluded was open for travel, although not formally opened or worked as a street. In 1871 the commissioners of highways of the town by order declared the street to be a public highway, and thereafter the defendants, as commissioners, removed the fence. In an action brought by the plaintiff for trespass it was held that the act of the original owner was a dedication of the land contained in the street as a highway, and there was no revocation of the dedication up to the time of the acceptance of it by the commissioners; that an erection and maintenance of the fence was not, to the extent of the land included therein, a revocation, as in the deeds the dedication was expressly recognized; and that by the acceptance the dedication became complete, the street a public highway, and the defendants were justified in removing the fence. It was there further held that the provision of the statute (1 Rev. St. 520, § 99, amended by chapter 311 of the Laws of 1861) declaring that a highway shall cease to be such which is not opened and worked within six years, did not apply, as the land did not become a highway until accepted as such in the year 1871; and that the plaintiff could not claim the land by adverse possession, as he took it under a conveyance

recognizing the public right. Under that authority, as well as on principle, the final decision made at the circuit was correct. The judgment and order appealed from should be affirmed.