## HOAGLAND *v.* GRAHAM.

(*Supreme Court, General Term, Second Department.* February 8, 1892.)

DEDICATION OF LAND FOR PUBLIC STREET—REVOCATION.

    A dedication of land by designating it on a map as a public street is revoked by the owner's acceptance of an award for a portion of it taken by highway commissioners for a new street, and by her removing a fence from the line of such old street to the new one; and her subsequent grantee of a lot of land bounded "along the side" of such new street cannot compel the removal of a structure erected upon the old street by a prior grantee of a lot bounded on the street as originally dedicated.

Appeal from special term, Orange county.

Action by George W. Hoagland against Martin D. Graham to compel removal of a building as an obstruction to an alleged public street. Judgment for defendant. Plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*C. E. Cuddeback,* for appellant. *Lewis E. Carr,* for respondent.

BARNARD, P. J. In 1853 one Gardner Forgerson made and filed a map of some 16 acres of his land in Port Jervis. This map set apart streets, and numbered lots upon them. One of these streets was designated "Seward Avenue." One lot was sold on this avenue by Forgerson in 1854 to one Hallock, who is defendant's grantor, by deed made in 1869. The street (Seward avenue) never became a public street of the village of Port Jervis. The village authorities in 1871 laid out a public street nearly parallel to Seward avenue, but so far from being actually parallel that the public street went diagonally across Seward avenue, and took part of the defendant's lot. The entire front of Seward avenue upon the map was then owned by a Mrs. Fish, who is the grantor of the plaintiff. When the public street was laid out, defendant and Mrs. Fish removed the old fence along Seward avenue, and built

one along the new street.    Mrs. Fish recovered damages for the taking of her land for the public highway.    The defendant also built a barn, which is upon the old Seward avenue of the map, but is not upon the public street.    This was the condition of things when the plaintiff took his deed, in 1883.    His lot is bounded "along the side of said Prospect avenue," which was the name then given to the public street.    The plaintiff has no right of action in respect to the barn.    He is bounded on the new street, which had then been fenced for many years.    The deed from Forgerson to Hallock conveyed to and along Seward avenue, and thus the defendant obtained half Seward avenue. *In re Ladue,* 118 N. Y. 213, 23 N. E. Rep. 465.    The original Seward avenue was revoked by the act of the only owner of the land when the new public avenue was laid out.    *Bridges* v. *Wyckoff,* 67 N. Y. 130.    The plaintiff has access to the new street, and such access was all that was designed by the map making Seward avenue the means of access in front of plaintiff's land.    An entirely insufficient case is made for a court of equity to open Seward avenue in addition to the new street, which will thereby become an open space (not a public street) along-side of the new street, which is public.    The judgment should be affirmed, with costs.    All concur.