In the Matter of the Application of the CITY OF NEW YORK, ·Appellant, Relative to Acquiring Title to Lands and Premises Required for Opening Eighteenth Avenue from Jackson Avenue to the East River in the First Ward, Borough of Queens, City of New York.

ANNA A. SCHEURER, Respondent.

Second Department, December 7, 1923.

Municipal corporations — streets — claim for damage for building taken in opening street — street in question was designated on map made by commissioners appointed under Laws of 1871, chap. 765 — land was conveyed to claimant by deed reserving right of public to use of street — grantor filed map after conveyance which conformed to commissioners' map — effect of deed was to reserve in grantor right to dedicate land as street — claimant not entitled to substantial damages for building which encroached on street as designated on map.

The claimant is not entitled to substantial damages for a building taken by the city of New York in opening a street, where it appears that the street in question was laid out by commissioners appointed under chapter 765 of the Laws of 1871 and was designated by them on a map duly filed; that thereafter claimant's predecessor conveyed the land to the claimant by a deed which recited that the conveyance was subject to the use of the land by the public as an avenue and street; that claimant's predecessor, after the conveyance was made, filed a map in which the street in question was designated in conformity with a map filed by said commissioners.

The effect of the deed made to the claimant and others was to reserve to the grantor the right to dedicate the premises in question to highway purposes or to consent to the opening of a street, and it is immaterial that the commissioners' map laying out said street was filed before the deed by the claimant's predecessor was given and before his map was filed.

APPEAL by the City of New York from an order of the Supreme Court, made at the Queens Special Term and entered in the office of the clerk of the county of Queens on the 2d day of May, 1919, sustaining the objections of certain claimants of damage parcel No. 391 to the confirmation of the supplemental and amended report of the commissioners of estimate and assessment, dated December 12, 1918, in a proceeding to condemn real property for street purposes and referring said report back to the commissioners with instructions for a further report.

The other claimant, Edward E. Scheurer, tenant by the entirety with the respondent, died during the progress of the proceedings.

*Joel J. Squier* [*John P. O'Brien, Corporation Counsel,* and *Joseph G. Mathews* with him on the brief], for the appellant.

*Francis J. Byrne,* for the respondent.

JAYCOX, J.:

The city appeals from an order refusing to confirm the nominal award of the commissioners of estimate and assessment as to damage parcel No. 391. The proceeding has been pending nearly twenty years. A recitation of its history, however, is not necessary for the determination of the question involved here. The matter was twice before the learned justice who made the order appealed from. Upon each occasion he wrote a short opinion. (See *Matter of City of New York* [*18th Ave. Queens*], N. Y. L. J. March 28, 1916, and June 16, 1916.) From these opinions it appears that he thought there had been no dedication and acceptance of the premises as a public street and that only private rights of way existed over the premises. In this connection, however, it is well to observe that the respondent herein makes no claim for an award for other than nominal damages for the taking of the land embraced in said parcel, confining herself wholly to a claim for damages to the building erected thereon. The premises are a small triangle at the corner of Eighteenth avenue and Flushing avenue upon which the claimants had a hotel building, and it is the contention of the city that this building encroaches within the lines of Eighteenth avenue as theretofore laid out and dedicated as a public street. Chapter 765 of the Laws of 1871 appointed certain persons to lay out streets, avenues, etc., within the city of Long Island City. This act was amended in some respects immaterial to this proceeding and the time within which the commissioners should complete their labors extended. (See Laws of 1872, chap. 859; Laws of 1873, chap. 275; Laws of 1874, chaps. 266, 326, and Laws of 1875, chap. 219.) The original act (Laws of 1871, chap. 765) authorizes and directs the commissioners to lay out streets, roads, avenues, public squares and parks, etc., in the city of Long Island City, and it further provides:

" § 5. No street, road or avenue, shall, after the filing of the said maps, be opened in said city, excepting those laid down and designated thereon, and no compensation whatever shall be allowed in the opening, widening or straightening of any street, road or avenue, laid out and designated on the said maps for any building or improvement which shall have been constructed on such street, road or avenue after the filing of the said maps, nor shall any compensation be allowed for any building or improvement, or portion thereof, erected after the filing of the map, and encroaching upon the line of any public street, road or avenue within the limits of said city, the map or survey of which has been filed according to law."

The commissioners appointed under this act duly laid out streets, avenues, etc., and adopted a map showing said streets and avenues within said city and the same was filed on December 31,

Second Department, December, 1923.          [Vol. 207

1875.   The building in question was not erected until 1895, long subsequent to the filing of this map.

I am unable to see how the claimants have anything but a claim for nominal damages.   The evidence shows that the lines of the street on the commissioners' map and the lines of the street on the damage map herein are identical.   The premises were conveyed to the claimants by a deed made by John M. Maut and wife, dated July 1, 1890, and the premises are described as follows:

"Beginning at the corner formed by the intersection of the southerly side of Flushing Avenue, as now laid out and established, and the easterly side of Baldwin Street, as laid down on the map recently made and filed by the Commissioners for laying out Streets, Avenues, Roads and Parks in Long Island City, and running thence southwesterly along said Baldwin Street seventy-one feet and six inches; thence southeasterly and at right angles to said Baldwin Street one hundred feet and one-eighth of an inch; thence easterly and parallel with said Flushing Avenue forty-three feet two and seven-eighths inches to land now and formerly of David P. Rapelye; thence northeasterly along said last mentioned land and land formerly of Christian Scheurer one hundred and seven feet nine and one-fourth inches to the southerly side of said Flushing Avenue, and thence westerly along said Flushing Avenue one hundred and fifty-four feet eleven and three-eighths inches to the place of beginning.   Together with the interest and estate of the said parties of the first part in and to the said Flushing Avenue and Baldwin Street in front of the said piece or parcel of land to the centre lines of the said avenue and street, respectively; subject to the use of the same by the public as an avenue and street."

Maut also made other deeds to other persons for other parcels of his premises, containing reservations similar to the one contained in the deed to these claimants.   It will be seen that that portion of the premises lying in the street and avenue is conveyed subject to the use of the same by the public as an avenue and street.   The avenue and street are the avenue and street "laid down on the map recently made and filed by the Commissioners for laying out Streets, Avenues, Roads and Parks in Long Island City."   Therefore, so far as the claimants are concerned the premises are subject to a public easement.   They cannot grant or refuse such an easement.   Prior to the conveyance to the claimants their grantor, John M. Maut, had a map made by a surveyor and the premises above conveyed are identical with lots Nos. 35, 36, 37, 38, 39 and 40 as shown on that map, and Baldwin street as shown on that map is identical with Baldwin street on the map made by the commissioners appointed under chapter 765 of the

Laws of 1871, and is also identical with the lines of Baldwin street as laid down upon the damage map herein. Maut's map was filed in the office of the clerk of the county of Queens October 23, 1894. It is true that this was after the deed to the claimants, but I think it cannot be doubted that under the deeds made to the claimants and others the grantor reserved to himself the right to dedicate the premises within the lines of Baldwin street to highway purposes or to consent to the opening of a street. I think it was of no consequence that the commissioners' map was filed first. That may be construed as an offer by the city to accept the premises for a street, and the owner of the right to dedicate by filing a map showing these streets and selling his premises subject to the rights of the public to use the same as an avenue, accepted the city's offer and dedicated the premises to those uses. The grantor could do nothing else with whatever right he had in the premises after the conveyance to the claimants. The claimants could obtain no rights by occupying the premises, as their claim was always modified by the deed under which they claimed. (*Bridges* v. *Wyckoff,* 67 N. Y. 130.)

I recommend that the order be reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion to confirm granted.

KELLY, P. J., RICH, MANNING and YOUNG, JJ., concur.

Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion to confirm granted.