## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* DAYTON S. KELLOGG, APPELLANT.

*Public street — dedication and acceptance — evidence of.*

Evidence that the husband of the owner of certain farm land in a village caused it to be surveyed, staked, plotted and mapped into streets and lots, and that thereafter the owner, with her husband, deeded several of the lots to different persons, describing the lots by their numbers on the map (which was referred to), and as bounded by certain streets, naming them, as given on the map, and

that some ten years after such survey, and after the death of such owner, the village authorities passed a resolution or ordinance to the effect that the village accepted the streets, "as laid out and dedicated" and named by the deceased owner, without any direct evidence that the village at or near the time of making the map or survey did any act to adopt the survey, or the streets plotted on it as streets of the village, or that any highway or street labor had been applied on the streets designated on the map before the passage of said ordinance:

*Held,* not sufficient to constitute a public street by dedication and acceptance.

APPEAL by the defendant, Dayton S. Kellogg, from a judgment of conviction in the Court of Sessions of Montgomery County on the 18th day of June, 1892, entered upon a verdict rendered on a trial under an indictment for an alleged misdemeanor in obstructing, in August, 1891, an alleged public street or highway in the village of Fort Plain, known as Henry street.

*George E. Phillips* and *A. M. Mills,* for the appellant.

*Charles S. Nisbet,* for the respondent.

MAYHAM, P. J.:

The principal question on this appeal is, whether the *locus in quo* upon which the alleged obstruction was erected by the defendant, was by dedication by the owner of the land, and acceptance by the municipal authorities of the village of Fort Plain, a public highway.

There is no claim on the part of the respondent that the land upon which this obstruction was placed by the defendant had ever been condemned and taken by the public authorities for a public street under the power of eminent domain.

But it is insisted that the facts proved on the trial established in law a dedication by the owner and an acceptance by the municipality of the land in dispute so as to constitute it a public street.

The case shows that Hannah Kellogg, prior to and during the year 1881, owned the land then and now known as Prospect Hill; and that in November of that year, at the request of this defendant, an engineer laid out part of Prospect Hill into lots and staked out streets, drove stakes at the corners of each lot, and marked out to show where the streets were to be located, and after that was done made a map of it.

At the time of making this survey and map, the land known as Prospect Hill was all a part of the farm of Hannah Kellogg, and

was used as meadow and pasture lands by her until December, 1881, when she, with her husband, this defendant, deeded to one Edwards, lots designated in such conveyance as "lots number one (1), and two (2), in Section five on a map of village lots made by E. H. Putnam, civil engineer for Dayton S. Kellogg, in the month of November, 1881." This conveyance bounded the lots on the east by Clinton avenue, and north by Henry street; conveyed the fee of Clinton avenue, subject to the right of the public to use said street, and reserved the right in the grantors to make such improvement on such street or avenue as they may deem advisable in the interest of lot owners.

In 1885 Dayton S. Kellogg and Hannah Kellogg conveyed lots No. 3 and 4 by deed with similiar reference to the survey and map and with like reservations, and in May, 1886, lot No. 8 with like reference and reservations.

Several other deeds were executed in 1885 by the same parties containing similar reference to the map and survey, and containing substantially the same reservations.

These deeds were all put in evidence by the people under the defendant's objection.

There is no direct evidence in the case that the corporation at the time or near the time of making this map and survey, did any act to adopt such survey, or the streets platted on it as streets of the village.

Nor is there any evidence to which my attention has been directed, or that I can find in the record that any highway or street labor has ever been applied on the streets designated on that survey or map, before the passage of a resolution by the common council of the village of Fort Plain on the 27th of July, 1891. That resolution or ordinance is as follows:

"*Whereas*, Hannah Kellogg, deceased, owner, did, in the year 1881, lay out certain streets in the village of Fort Plain, commencing at or near the bridge at the red mill in said village, naming said streets as Kellogg avenue, Waddell avenue, Clark avenue, Gilbert avenue, Clinton avenue, Henry avenue and Edward avenue, as per map by her made and filed in Montgomery county clerk's office; therefore,

"*Resolved*, That said village accept of said streets above named as laid out, and dedicated by said Hannah Kellogg, deceased, land

owner; that said streets retain the same names and be known and named as originally named by said land owner." This ordinance was received in evidence under the defendant's objection.

The survey, map, conveyances and ordinance above referred to constitute all the evidence of a dedication and acceptance which I am able to find in the record.

Without stopping here to consider the admissibility of the evidence by which this dedication and acceptance is sought to be established I do not think it proves such a dedication and acceptance as is required to divest the owner of the lands embraced in these streets or to invest the corporation with the title for street purposes.

No act of the owner of this land has been proved showing, or tending to show, an absolute surrender on her part to the village or public of her right, title and control of these lands; assuming that the survey and maps were made by her direction and authority (which is not shown), still that act would not be inconsistent with a purpose on her part to retain title and control in herself of all these lands subject only to the rights and privileges conferred by her grants on her grantees.

It was in no sense a dedication to the public or the village, but simply a method of sub-dividing her own property for her own convenience, in order to facilitate sales of the same in small parcels.

To constitute a dedication to the public which shall divest the owner of and invest the public with the right or title to land something more is required than was done by her in this case.

In *Niagara Falls Suspension Bridge Company* v. *Henry Bachman* (66 N. Y., 261) it was held that " where the owner of land lays the same out into lots and streets, makes and files a map or plot thereof and sells and conveys lots by the map, bounded upon the streets as delineated thereon, this does not necessarily and without other facts make the streets so laid out public highways." It was also held that " to constitute a public highway by dedication there must not only be a setting apart and a surrender to the public use of the land by the owner, but also, an acceptance and formal opening by the proper authorities or a user."

The acts and declarations of the owner must be unmistakable in their purpose and decisive in their character showing the intent to dedicate the land absolutely and irrevocably to the public use.

In *Holdane* v. *Trustees of the Village of Cold Springs* (21 N. Y., 478), WRIGHT, J., in discussing this question, says : " Throwing open land in a village and fencing it on each side and causing the way or avenue to be designated as public on a map of the village, are acts tending strongly to show a design, presently, or at some future time, to dedicate and devote it to the public use. But these acts are not conclusive to establish a present dedication binding on the owner of the land."

" One may fence off a strip of his own land for the purpose of a passage-way opening on a public street, or he may lay out a street through it, with the view of subdividing his land bounded upon it into village lots, intending, upon the sale of such lots, to dedicate the street to the use of the public, but, in such cases, though the public may have occasionally, or, indeed, at all times, used the open way in passing to and from the inclosure of an adjoining proprietor, it could scarcely be pretended that the land had thereby become burdened with an irrevocable public servitude."

Tested by this rule there was not such a dedication to the public by Mrs. Kellogg in her lifetime as to vest the right to these lands in the public as a highway.

But, if the acts of Mrs. Kellogg could be construed into evidence of willingness on her part, at the time of this survey, to dedicate these streets to the public, still there was clearly, at that time, no adoption by the municipality of such proffered dedication.

The adoption of the ordinance of July, 1891, was a declaration or acknowledgment on the part of the municipality that up to that time there had been no adoption by it, and hence no dedication. (*City of Cohoes* v. *D. and H. C. Co.*, 54 Hun, 558 ; reversed, 134 N. Y., 397.) And the law is well settled that there can be no dedication without an acceptance by the public. (*Fonda* v. *Borst*, 2 Keyes, 50 ; *Niagara Falls* v. *Bachman, supra.*)

Before such acceptance the village owed no duty to the public in reference to these streets, and at the time of its adoption the proffered dedication by Mrs. Kellogg, if any was ever made, was, it would seem, revoked by her death. (*Bridges* v. *Wyckoff*, 67 N. Y., 132 ; *Wallace* v. *Townsend*, 43 Ohio St. Rep., 537.)

If I am right in the above conclusions there was no public highway or street at the point where the alleged obstruction was placed

by the defendant, and his act was not a violation of section 385 of the Penal Code.

Upon this view of the case it is unnecessary to examine the other exception taken by the defendant on the trial.

The judgment of conviction must be reversed and a new trial ordered under the provisions of section 543 of the Code of Criminal Procedure.

PUTNAM, J., concurred in result; HERRICK, J., not voting.

Judgment of conviction reversed and a new trial ordered.