WILLIAM B. RUSSELL, Plaintiff, *v.* JEFFERSON E. CHURCH and Others, Defendants.

Supreme Court, Queens County, April, 1922.

Ejectment — selling lots with reference to a map — dedication of part of tract as park — death of original owner does not revoke dedication — when devisees cannot extinguish easements of abutting owners by ejectment — levying of tax against " park " by city does not show abandonment.

An offer to dedicate land for park purposes as plotted by the owner and who sold lots with reference to the plot cannot be revoked without the consent of the abutting owners who took title to the lots with reference to the plotting.

The death of the one making the offer of dedication left it unrevoked and a devise of all his property carried only that which he had, subject to the easements of the abutting owners.

Such easements cannot be extinguished in ejectment even though the abutting owners were made parties to the action, as the property must be sold, if at all, subject to said easements and the right to insist that the offer of dedication be held open.

That the board of trustees of the village by order of the legislature prepared a survey and map of the village and incorporated therein a park as laid out on the map prepared by him who made the offer of dedication, indicated an intention to accept the property for park purposes.

The property being held for a public purpose the act of the city of New York in levying a tax upon said property did not constitute an abandonment and section 1043 of the Greater New York Charter affords plaintiff relief.    Complaint dismissed.

ACTION in ejectment.

*Warren C. French,* for plaintiff.

*Charles S. Noyes,* for defendants Jefferson E. Church et al.

*John P. O'Brien,* corporation counsel (*John B. Shanahan,* assistant corporation counsel, of counsel), for defendant city of New York.

MACCRATE, J.    Relying on cases similar to *People* v. *Johnson,* 237 Ill. 237; *Chicago, M. & St. P. Ry. Co.* v. *Chicago,* 264 Ill. 24, and *People* v. *Kellogg,* 67 Hun, 546, and finding no case in this state directly criticizing or overruling the latter, wherein it was held that death before acceptance revokes an offer of dedication, it was held herein that the death of John Ackland revoked the offer of dedication made by him when he plotted and sold with reference to the plot.    In *People* v. *Johnson, supra,* the reason for the decision is stated as follows: " The dedication is not complete until an acceptance, and as there must be two parties to a dedication, the offer to dedicate was revoked, by implication, by the death of Morrison."

But in *White* v. *Moore,* 161 App. Div. 400, 403, it is said: " While it is stated in various text books, and in the opinions in various decided cases, that an offer of dedication of land to public use does not become consummate until there has been an acceptance by the public, either formally or by user, or by some public act indicating acceptance, and that the offer may be revoked pending such acceptance, yet it is well and universally recognized that the revocation must be made by all the parties who have a legal interest in the lands subject to the offer of dedication to public use.    Here the Du Bois grantees had acquired such legal interest.    Without their consent the Du Bois grantors had no power to revoke, and their attempts to do so were of no avail."

The case of *Bridges* v. *Wyckoff,* 67 N. Y. 130, cited in *People* v. *Kellogg, supra,* also holds a revocation of the dedication may be made only by the dedicator and his grantees.    The case of *Wallace*

v. *Townsend,* 43 Ohio St. 537, also cited in *People* v. *Kellogg, supra,* deals with a subscription to stock and not with a dedication.

John Ackland, therefore, in his lifetime could not revoke the offer without the consent of the abutting grantees. It is claimed, however, that the devise of all his property by will worked a revocation. But the devise carried only that which he had — property subject to easements. What in his lifetime he did not attempt to do and legally could not do, clearly could not be performed by his will. His death left the offer unrevoked.

It is urged that, even though there was no revocation by death, there was no acceptance of the offer of dedication. If it be assumed that there was in fact no acceptance by the village of Jamaica or the city of New York, the plaintiff cannot in this action extinguish the easements of abutting owners. This would be true were they joined as parties to this proceeding. *Jackson* v. *Smith,* 153 App. Div. 724. The property must be sold, if sold at all, subject to these easements. Added to the easements is the right to insist that the offer of dedication shall be held open. *Buffalo, L. & R. Ry. Co.* v. *Hoyer,* 214 N. Y. 236. A sale cannot destroy that right. It would seem, however, that when the board of trustees of the village of Jamaica by order of the legislature prepared a survey and map of the village and therein incorporated Lafayette Park as laid out on the John Ackland map, they intended to accept the property for park purposes. In *Matter of Village of Olean* v. *Steyner,* 135 N. Y. 341, 344, it is said that in 1836 " speculation in real estate reached its highest tide and almost every owner was insane with expectation." That was the year when John Ackland plotted his ground. In the *Steyner* case it took fifty years for the village to reach the property. Here it has taken longer. The public authorities may accept dedication of property located as was this without affirmative acts that might lead to the charge that they, like the donor, were " insane with expectation." The rules applicable to acceptance of highways are not to be too strictly followed in park matters. The map prepared by the trustees was to be used for assessment purposes. It does not appear that the village thereafter taxed this property. But it does appear that it was not assessed for local improvements when surrounding property was assessed.

The heirs of John Ackland claim that even if he dedicated the property, it has been abandoned by the public. Strange as has been the attitude of the municipal authorities to this now desirable plot of ground, their actions have never amounted to a total abandonment thereof, such as occurred in *Porter* v. *International Bridge Co.,* 200 N. Y. 234. There, the public, the *cestui que trust,* through

the legislature and by popular vote, approved of the use to which the property was put. In addition, in that case the property could not be used for the purposes for which it was dedicated.

After acceptance by the village authorities, the act of the city in levying taxes did not constitute an abandonment. The property was held for a public purpose and the levy was invalid, and the lien, therefore, cannot stand. *Clark* v. *Sprague,* 113 App. Div. 645, 646.

The complaint is dismissed. Section 1043 of the charter of the city of New York affords the plaintiff relief.

Judgment accordingly.