■ Martin O'Malley, as Administrator of the Estate of Patrick O'Malley, Deceased, Respondent, v. Anchor Motor Freight Corporation et al., Appellants.— In an action to recover damages for the wrongful death of respondent's intestate and for his conscious pain and suffering prior to death, the appeal is from so much of the judgment as awarded damages for said pain and suffering. Judgment, insofar as appealed from, reversed and a new trial granted, with costs to appellants to abide the event, unless, within ten days after the entry of the order hereon, respondent stipulate to reduce the verdict on the second cause of action, for pain and suffering, to $4,000, in which event the judgment, as so modified, is unanimously affirmed, without costs. The deceased, seventy-one years of age, was in the hospital after the accident for a period of approximately fifty-six hours before death. Concededly, he had periods when he was unconscious and when morphine was administered. The verdict of $13,500 on the second cause of action was grossly excessive. Wenzel, Acting P. J., MacCrate, Beldock, Murphy and Ughetta, JJ., concur. [See *post*, p. 825.]

■ Emil C. Sauchelli et al., Appellants, v. Town of Hempstead, Respondent.— In an action for a judgment to declare that a certain cul-de-sac is not a public street and for other relief, the appeal is from a judgment dismissing the complaint after trial. Judgment unanimously affirmed, with costs. Revocation of an offer of dedication of land to public use is not effective unless " made by all the parties who have a legal interest in the lands subject to the offer of dedication to public use." (*White* v. *Moore*, 161 App. Div. 400, 403; see, also, *Bridges* v. *Wyckoff*, 67 N. Y. 130, and *Russell* v. *Church*, 118 Misc. 473.) It is apparent from the proof that appellants did not constitute all the parties legally interested in the cul-de-sac, and there is no proof that anyone other than appellants attempted to effectuate revocation of the offer of dedication of that strip of land. Accordingly, it was not established that the offer of dedication was revoked before respondent accepted it, and the claimed intrusion did not take place until after the acceptance. Present — Wenzel, Acting P. J., MacCrate, Beldock, Murphy and Ughetta, JJ.