Arthur D. Breuuah, J.
The plaintiff brings this action, pursuant to article 15 of the Real Property Law, for the purpose of determining that the defendant has no claim to certain real property which is in the record ownership of the plaintiff. The subject property is a strip of land approximately 33 feet in width and 402 feet in length.
The dispute is brought about by reason of the provisions of a certain unrecorded document, dated May 9, 1927, wherein one, Augusta S. Hastings, a former owner of all of the lands now owned by the plaintiff, together with other owners of adjacent properties, received certain benefits upon condition that, among other things, the said Augusta S. Hastings would agree ‘ ‘ for herself, her heirs, legal representatives, successors and assigns, to dedicate to the Village of Hastings-on-Hudson, the lands necessary for an extension of said proposed street northerly across her property, if and when said Village shall determine so to extend said proposed street.” In said document, the owners of three other parcels, in compliance with requirements and formalities contained in section 144 of the Village Law, offered to dedicate to said village certain strips of land, 33 feet in width, for the purpose of laying out a public street over a portion of their properties and which street, as laid out on the surveys thereof, ran from a certain point located south of the Augusta S. Hastings property to, but not beyond, the southerly boundary of said property of Augusta S. Hastings. Further, in said document, the said Augusta S. Hastings, in compliance with the aforesaid proviso, agreed ‘ ‘ to dedicate the lands necessary for an extention of said proposed street, if and when said Village shall determine to extend the same ”. During the years 1928 and the early part of 1929, the defendant, by appropriate resolutions, accepted the dedications of and the deeds to the strips of land which were offered for dedication by the owners of the aforesaid three other parcels located to the south of the property of Augusta S. Hastings and thereupon the public street, which became known as River Street, was constructed to the southerly property line of the said property of Augusta S. Hastings.
Although the aforesaid document was not recorded, this court holds that by reason of the respective recitals (referring to *644 said document) as contained in several of the deeds constituting the chain of title between Augusta S. Hastings and the plaintiff herein, all of the owners of the subject property embraced within said chain were and must be charged with constructive notice and knowledge of the provisions of said document. Between May 9, 1927, the date of the subject document, and until June 4, 1955, the defendant adopted no resolution nor did it take any other steps wherein it requested or demanded that the plaintiff or any of its predecessors in title comply with or perform the said agreement made by Augusta S. Hastings in the afore-mentioned document. However, subsequent to the commencement of this action and on June 4,1955, the defendant unanimously adopted a resolution “ to extend River Street northerly across the property formerly owned by Augustos [sic] S. Hastings and that the owner be requested to convey to the Village the property in accord with the offer made by Augustos S. Hastings, dated May 9th, 1927/ ’
This court is of the opinion, and so construes the wording-contained in the subject document insofar as the same relates to Augusta S. Hastings, that said provisions constituted an offer to dedicate a strip of land for the extension of what is now known as River Street across her lands, such strip being approximately 33 feet in width, and falling within the prolongations of the easterly and westerly lines of said street as shown on the surveys or maps attached to the aforesaid document. This court further holds that to constitute a dedication, pursuant to section 144 of the Village Law, there must be an acceptance of the aforesaid offer within a reasonable length of time from the date of the offer. After a consideration of all of the facts and circumstances appearing in the record, this court concludes that 28 years is an unreasonable length of time to attempt to accept the offer of dedication and that the plaintiff herein, by the commencement of this action, properly exercised its right to revoke the aforesaid offer. (Matter of Fox Street, 54 App. Div. 479, 485; see, also, City of Santa Clara v. Ivancovich, 47 Cal. App. 2d 502; Elliott on Roads and Streets [14th ed.], § 172.)
However, it may also be observed that if the aforesaid provisions contained in the agreement of May 9, 1927 (insofar as the same related to Augusta S. Hastings) were to be considered as constituting an irrevocable option granted to the village for the purpose of effecting a dedication of the subject strip of land for an extension of River Street, then such option, not having any time limitation stated therein, would be subject to the rule that a reasonable time for the exercise thereof on the *645 part of the village is implied by law to be the intention of the parties. And as more than 28 years had passed since the date of said option, it must be and is held that the same had expired and was no longer enforcible by the village. (See Matter of Levy, 169 Misc. 785, 790.)
Turning now to the defendant’s remaining contention that there has been a dedication of the subject strip of land over the plaintiff’s property by public user, it is true that adverse use by the public continuously for a period of 20 years or more may render the road a public highway on the theory of prescription. A road may also become a public highway after use by the public for 20 years or more, on the theory of dedication and implied acceptance. However, naked user by the public, whether the theory be dedication or prescription, is not enough. It must also appear that the road was kept in repair or taken in charge and adopted by the public authorities for the aforesaid period of 20 years or more. (Speir v. Town of New Utrecht, 121 N. Y. 420; Harriman v. Howe, 78 Hun 280, affd. 155 N. Y. 683; Goldrich v. Franklin Gardens Corp., 282 App. Div. 698; Goldrich v. Franklin Gardens Corp., 2 A D 2d 752, affd. 2 N Y 2d 906; Nichols Copper Co. v. Connolly, 208 App. Div. 667, affd. 240 N. Y. 596.) In this court’s view, the proof submitted by the defendant failed not only to establish that the strip of land in question had been used continuously by the public for the requisite 20 years or more, but said proof was also insufficient to establish that the public authorities had regularly kept the same in repair or had taken it in charge and adopted the same for the aforesaid period of time.
Accordingly, judgment is granted to the plaintiff as prayed for in the complaint. The defendant’s counterclaims are dismissed.
The foregoing shall constitute the decision of this court, pursuant to section 440 of the Civil Practice Act. No costs are allowed.
Settle judgment on notice.