Hastings Petroleum Corporation, Respondent, v. Incorporated Village of Hastings-on-Hudson, Appellant.— In an action pursuant to article 15 of the Real Property Law, for a declaration that plaintiff is vested with an absolute unincumbered fee simple title to certain real property and that the defendant village has no right or claim thereto, in which the village asserted counterclaims for a declaration that such property is a public street, the village appeals from a judgment of the Supreme Court, Westchester County, dated July 10, 1957, and entered July 18, 1957, after a nonjury trial, granting the relief demanded in the complaint and dismissing the counterclaims of the village. Judgment affirmed, without costs. On May 9, 1927, one Augusta S. Hastings, together with certain other property owners, executed an instrument in writing addressed to the President and Board of Trustees of the defendant village, but to which neither the village nor any of its duly authorized representatives was a signatory, in which all the property owners agreed to dedicate to the village, for the purpose of extending River Street, portions of certain waterfront parcels of real property to the west of land owned by the New York Central Railroad Company, which was a party to the agreement. By resolutions duly adopted by its Board of Trustees in 1928 and 1929, the village accepted the dedication and conveyances of all of the properties offered, except that of Augusta S. Hastings, which was at the extreme northerly end of the proposed street. The properties so accepted were surfaced and improved, and since that time have been in use as a public street. Plaintiff, through mesne conveyances, is the present owner of the property formerly belonging to Augusta S. Hastings. The trial court found, on sufficient evidence, that plaintiff is charged with constructive notice and knowledge of the aforesaid agreement. In her offer, Augusta S. Hastings agreed "to dedicate to the Village of Hastings on-Hudson the lands necessary for an extension of said proposed street northerly across her property, if and when said Village shall determine so to extend said proposed street". In the aforesaid agreement the railroad company offered, in the event that the village trustees should accept the dedication, to construct the proposed street at its own cost and expense in the first instance, provided the other dedicators and Augusta S. Hastings would release the railroad company from the obligation to maintain certain crossing rights therein specified, with reservations therein set forth, and provided further that Augusta S. Hastings would agree to dedicate the land necessary for the proposed street, if and when the village should determine to extend it. The release was subsequently executed. Nothing further was done by the village with respect to the property of Augusta S. Hastings, until June 4, 1955, when its Board of Trustees adopted a resolution, in effect, accepting her offer of May 9, 1927. We are not in agreement with the determination by the learned Trial Justice (*Hastings Petroleum Corp.* v. *Incorporated Vil. of Hastings-on-Hudson,* 9 Misc 2d 642) that pursuant to section 144 of the Village Law, the aforesaid offer was required to be accepted within a reasonable time after it was made, if that determination is to be understood as a holding that the offer could not have been accepted after a reasonable time had elapsed and before it was revoked. The general rule is that an offer to dedicate land for a public use may be accepted at any time prior to a revocation (cf. *Bridges* v. *Wyckoff,* 67 N. Y. 130; *City of Yonkers* v. *Leone,* 270 App. Div. 898, affd. 296 N. Y. 964; *Sauchelli* v. *Town of Hempstead,* 143 N. Y. S. 2d 889, affd. 1 A D 2d 689). However, here, nearly four months prior to the adoption by the village trustees of their resolution attempting to accept the dedication of the subject property, plaintiff's then attorney sent by mail a copy of the summons

and complaint in this action to the Village Attorney with a request for a notice of appearance. The Village Attorney failed to comply with that request until September 22, 1955, when he served the answer of the village.` The·action was not commenced until said service (cf. *Atanasio & Co.* v. *Societe Les. Affreteurs Reunis*, 206 App. Div. 674; *17th Ave. & 73rd St. Corp.* v. *Ocean Operating Corp.*, 215 App. Div. 106, 108). The complaint contains a demand for judgment determining, as against the village and all persons claiming under it, that plaintiff is vested with an absolute and unincumbered title in fee simple absolute to the subject property; that the village has no rights whatsoever with respect to any alleged offer of dedication made by Augusta S. Hastings; that it be adjudged that any offer of dedication made by Augusta S. Hastings has been revoked and is unenforcible against plaintiff; and that the village has never accepted any offer of dedication which may have been made by said Augusta S. Hastings. The Village Attorney, shortly after his receipt of said summons and complaint, brought them to the attention of the village trustees and, on several occasions prior to the adoption of the acceptance resolution, discussed with them the contents of the complaint. In our opinion, upon the foregoing facts, the learned Trial Justice properly held that plaintiff had effectively revoked the offer of dedication prior to the attempted acceptance by the village. Nolan, P. J., Ughetta, Kleinfeld and Christ, JJ., concur.