■ JULIA S. HUBBARD, Appellant, v. CITY OF WHITE PLAINS et al., Respondents, et al., Defendant.— In an action pursuant to article 15 of the Real Property Law, to determine: (a) the respective rights of the parties to certain real property in the City of White Plains; (b) the validity of an alleged offer of dedication of such property for use as a public highway; and (c) the validity of plaintiff's withdrawal of any offer of such dedication, in which action the defendant Ridgecrest Homes, Inc. (a developer and owner of adjoining property) was permitted to intervene as an additional defendant, the plaintiff appeals: (1) from a judgment of the Supreme Court, Westchester County, entered July 10, 1962 on an order of said court, dated June 29, 1962, which, *inter alia*, dismissed the complaint; and (2) from said order, made pursuant to rule 113 of the Rules of Civil Practice, which (a) granted the motion of the said intervenor-defendant and of the defendant, the City of White Plains, for summary judgment; and (b) denied plaintiff's cross motion for summary judgment against all the defendants, for the relief demanded in the complaint. Judgment and order affirmed, with $10 costs and disbursements. By said judgment and order it was adjudged, *inter alia*: (1) that plaintiff's

attempted withdrawal of an offer of dedication made by a prior owner (defendant Saxon Woods Corporation) to the defendant city was ineffectual; (2) that the city might accept said offer at any time; (3) that plaintiff had not acquired title to the subject property by adverse possession; and (4) that plaintiff's title was subject to the easement rights of others and to the city's right to accept the property as a public highway. Revocation of an offer of dedication of land to public use is not effective unless made by all the parties who have a legal interest in the land subject to such offer (*White* v. *Moore*, 161 App. Div. 400). Where, as here, the offer of dedication is made by the filing of a subdivision map and the purchase of lots from the dedicator has been made with reference to said map, the purported revocatory acts of individual abutting owners are invalid (*Sauchelli* v. *Town of Hempstead*, 1 A D 2d 689). The defendant City of White Plains, therefore, may accept the dedication offer at any time prior to a valid revocation by all interested parties (cf. *Hastings Petroleum Corp.* v. *Incorporated Vil. of Hastings-on-Hudson*, 13 A D 2d 963, affd. 11 N Y 2d 850). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.