■ EARLE LANDON et al., Respondents, v CITY OF BINGHAMTON, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered January 29, 1980 in Broome County, which denied defendant's motion for summary judgment in an action pursuant to RPAPL article 15. Seeking a declaration that they are the lawful owners of part of the land known as Mohawk Street in the City of Binghamton, plaintiffs commenced this action pursuant to RPAPL article 15, and they base their claim to the disputed land upon a theory of adverse possession. Since 1949, plaintiffs have resided at 21 Mohawk Street, and during the period until September of 1957 they lived at these premises under a land contract with John and Pauline Perry. On September 4, 1957, they acquired title to 21 Mohawk Street from the Perrys by a deed which expressly refers to and is contingent upon a map or plan of Ross Park Heights, dated November 24, 1920. Filed in the office of the Broome County Clerk, the subject map reserved and named the property at issue here as Mohawk Street. Subsequently, the City of Binghamton accepted a portion of Mohawk Street in 1965 by Permanent Ordinance No. 118 and the remaining portion of the street in 1977 by Permanent Ordinance No. 77-195. The present controversy arose out of plaintiffs' actions in 1953 and 1957 wherein they constructed a garage and a sidewalk and planted shrubbery at their residence, all of which encroached upon land reserved for Mohawk Street. The city requested that plaintiffs remove these encroachments from the street so that the Ross Park Heights Sanitary Sewer Construction and Street Regrading Project can be completed. Plaintiffs rejected this request and instead instituted the present action to determine title. Asserting that there are no relevant questions of fact and that plaintiffs cannot acquire title to the land in question by adverse possession, defendant moved to dismiss the complaint and for summary judgment. Special

Term denied the motion, and this appeal ensued. We hold that the denial of defendant's motion was improvident and should be reversed. When, as in the present situation, an owner of property sells lots in reference to a map, which lots abut a street as shown on the map, the grantees of the lots are entitled to have the land which is shown as a street left open forever as a street or highway *(O'Hara v Wallace,* 83 Misc 2d 383, mod 52 AD2d 622). Moreover, such a dedication of land to a public use can be revoked only by the united action of all the parties who have a legal interest in the dedicated property and not by an individual grantee's attempt to gain title to any portion of the land by adverse possession *(O'Hara v Wallace, supra; Hubbard v City of White Plains,* 18 AD2d 674). Most significantly, it is likewise settled that a municipality may accept a dedication offer at any time prior to the offer's valid revocation by all interested parties *(Hubbard v City of White Plains, supra; Hastings Petroleum Corp. v Incorporated Vil. of Hastings-on-Hudson,* 13 AD2d 963, affd 11 NY2d 850). Applying these legal principles to the case at hand, it is clear that the city is entitled to a dismissal of the complaint herein and also a declaration that it is the owner in fee simple of the disputed land. Not only is it uncontested that the land was properly dedicated to a public use, but it is also beyond dispute that the dedication offer was never revoked by all interested parties and that the city accepted the offer by permanent ordinances in 1965 and 1977. In so ruling, we note in conclusion that no factual issues are presented which require a contrary result. Upon the present record, any question as to precisely when the disputed property was accepted by the city is irrelevant to a determination of defendant's motion. Similarly, any controversy relating to the exact location of the boundary of Mohawk Street abutting plaintiffs' property can be settled by a survey or reference to the map on file and does not preclude a summary declaration that plaintiffs' improvements to their lot encroach upon city property to the extent that they cross over the boundary. Order reversed, on the law, without costs, and defendant granted summary judgment dismissing plaintiffs' complaint and declaring defendant to be the owner in fee simple of the disputed portion of Mohawk Street. Sweeney, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.