■ FOREAL HOMES, INC., Appellant, v INCORPORATED VILLAGE OF MUTTONTOWN et al., Respondents.—In an action pursuant to RPAPL article 15 to determine a claim to a parcel of real property located in the Village of Muttontown, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated October 28, 1985, as amended January 6, 1986, which granted the respondents' motions to dismiss the complaint, and declared that the plaintiff's attempted revocation of an offer of dedication was ineffective.

Ordered that the order dated October 28, 1985, as amended January 6, 1986, is affirmed, without costs or disbursements.

The plaintiff seeks a judgment declaring that it is vested with absolute fee title to a 1.1-acre parcel of land, unencumbered by an unaccepted offer of dedication previously made to the Village of Muttontown. Its complaint was dismissed upon the respondents' motions and the Supreme Court declared that its attempted revocation of the offer of dedication was ineffective. We affirm.

In July 1969 Michael Forte, the plaintiff's predecessor in interest, submitted a final application for subdivision approval to the Planning Board of the Incorporated Village of Muttontown. The application was approved upon the condition that Forte submit an offer of dedication and deed for a 1.1-acre parcel to the village and note the dedication offer on the subdivision map to be filed in the County Clerk's office. The Planning Board's decision was filed on or about October 1, 1969.

Forte thereafter conveyed his interest in the subdivision property to the plaintiff, Foreal Homes, Inc., which complied with the Planning Board's conditions and made an offer of dedication in 1972. Approximately 27 purchasers took parcels from the plaintiff between 1972 and 1983.

On October 28, 1983, the plaintiff informed the Village of Muttontown that it was revoking its offer of dedication. Thereafter, it instituted this action pursuant to RPAPL article 15. The plaintiff claimed that it was the owner of the 1.1-acre parcel unencumbered by any claim of the village because the Planning Board had illegally compelled dedication and because the offer of dedication had been revoked prior to formal acceptance by the village.

The plaintiff is barred from contesting the legality of the Planning Board's 1969 decision. Village Law § 7-740 provides that any person aggrieved by any decision of the Planning Board may bring a proceeding for review "on the ground that such decision [was] illegal, in whole or in part". That section also provides that such proceedings "must be commenced within thirty days after the filing of the decision in the office of the board" (Village Law § 7-740). Here, there was acquiescence in the Planning Board's decision for approximately 14 years.

Furthermore, although there has been no formal acceptance by the village, the plaintiff may not now revoke its offer of dedication because the subdivision residents purchased their properties in reliance upon the park land dedication offer noted upon the subdivision map (see, *Hubbard v City of White*

*Plains,* 18 AD2d 674). Niehoff, J. P., Lawrence, Weinstein and Sullivan, JJ., concur.