■ CITY OF NEW YORK (DEPARTMENT OF PARKS AND RECREATION-WOLLMAN RINK RESTORATION), Respondent, v KALISCH-JARCHO, INC., Defendant, and HOLMSTEN ICE RINKS, INC., Appellant.—Order of the Supreme Court, New York County (Edward H. Lehner, J.), entered on December 7, 1988, which denied the motion by defendant Holmsten Ice Rinks, Inc. to dismiss the second through fourth causes of action alleged against Holmsten, unanimously affirmed, without costs.

In 1973, the City of New York decided to renovate the Kate Wollman Ice Skating Rink in Central Park. Holmsten Ice Rinks, Inc. invited three city engineers to observe rinks it had constructed in the Boston area, and in 1974 Holmsten provided the city with preliminary budget and engineering information. After a three-year planning hiatus due to the fiscal crisis, Holmsten presented its system to personnel of the Department of Parks and Recreation in 1977, and provided the city with final plans and specifications in 1978, which were incorporated into the November 1980 contract which the city entered into with its general contractor, defendant Kalisch-Jarcho, Inc. The bid documents reflected that the "refrigeration unit shall be Holmsten Rinkmaster." In 1981, Kalisch contracted with Holmsten for construction of the concrete rink slab and the refrigeration system and piping.

Various provisions of the subcontract incorporate the city's prime contract with Kalisch into the subcontract, give the city inspection and testing rights at Holmsten's plant or at the place of delivery, provide warranties against defects and for conformity with the prime contract, and obligate Holmsten to hold Kalisch and the city harmless from loss, damage or expense resulting from any breach of warranty.

Because of alleged deficiencies in the work, the refrigeration system and concrete slab of the Wollman rink became damaged and inoperable. The city sued Kalisch and Holmsten. As

pertinent to this appeal, the city's second, third and fourth causes of action against Holmsten rested upon the city's status as a third-party beneficiary of the Kalisch/Holmsten subcontract, and sought damages for breach of contract and breach of warranty. Holmsten moved to dismiss those causes of action on the ground that the city was not an intended beneficiary of subcontract.

In *Fourth Ocean Putnam Corp. v Interstate Wrecking Co.* (66 NY2d 38, 44), the Court of Appeals adopted the modern test set forth in the Restatement (Second) of Contracts, which looks to the surrounding circumstances, including the contractual language, to determine whether " 'the promisee [Kalisch] intends to give the beneficiary [the city] the benefit of the promised performance' " and whether those circumstances are " 'sufficient, in a contractual setting, to make reliance by the beneficiary both reasonable and probable' ".

We hold that the city made a sufficient showing under the aforesaid tests that it was an intended beneficiary of the subcontract *(see, Sanbar Projects v Gruzen Partnership,* 148 AD2d 316, 319; *Key Intl. Mfg. v Morse/Diesel, Inc.,* 142 AD2d 448, 455-457). As noted in *Key Intl. (supra,* at 455): "It is almost inconceivable that those professional engineers or architects who render their services in connection with a major construction contract would not contemplate that the performance of their contractual obligations would ultimately benefit the owner of that development." We observe in this regard that a subcontractor is free to insist upon a contractual clause expressly negating enforcement of the contract by third parties *(Fitzpatrick Constr. Corp. v County of Suffolk,* 138 AD2d 446, 449-450). There is no such clause in the subcontract that is the subject of this appeal. Accordingly, the order denying Holmsten's motion to dismiss is affirmed. Concur—Murphy, P. J., Ross, Asch and Wallach, JJ.