■ MORSE/DIESEL, INC., et al., Respondents, v ATLANTIC RICHFIELD COMPANY, Appellant. [605 NYS2d 245] —Order, Supreme Court, New York County (Myriam Altman, J.), entered on or about June 3, 1993, which, insofar as appealed from, denied defendant's motion to dismiss plaintiff's first, second, and third causes of action pursuant to CPLR 3211, unanimously affirmed, with costs.

Concerning the second cause of action, in which plaintiffs claim to be in privity with defendant, to the extent the IAS Court's decision can be taken to have resolved the issue of privity by holding that the sub-subcontract "incorporates" the Specifications and the other pertinent contract documents, thereby establishing a "direct line or chain of connection" between the parties, we would comment only that the sub-subcontract is ambiguous in this regard and that the matter of incorporation cannot be determined as a matter of law. More particularly, it is possible to interpret the sub-subcontract as meaning that the *technical* aspects of the work to be performed (i.e., the actual construction) were to be in accord with the Specifications, and not that the Specifications were to be "incorporated" in the sub-subcontract in the legal sense that the obligations set forth therein and in other documents applied to defendant. While the complaint states a cause of action, nevertheless, at this stage of the proceedings, it cannot be said that the parties intended that these other documents be incorporated by reference so as to extend the warranty directly to the plaintiffs. Concerning the first cause of action, in which plaintiffs claim to be third-party beneficiaries of defendant's warranty contained in the sub-subcontract, the ambiguity in the sub-subcontract does not preclude a determination as a matter of law with respect to plaintiffs' status as third-party beneficiaries. A five year warranty against defects would have been of little use to the subcontractor, whose involvement in the project in all likelihood would have ended long before a need to rely on the warranty arose. Thus, it was reasonable to expect the warranty to extend to plaintiffs'

benefit, the absence of any language specifically incorporating the subcontract notwithstanding. Certainly, there is no contractual language *negating* an intent to benefit plaintiffs *(see, City of New York v Kalisch-Jarcho, Inc.,* 161 AD2d 252).

We have considered the remaining arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ross and Asch, JJ.