■ WEST CENTER CONGREGATIONAL CHURCH, Appellant, v LINDA EFSTATHIOU et al., Respondents, et al., Defendants. [627 NYS2d 727] —In an action pursuant to RPAPL article 15, *inter alia,* to determine a claim to real property by adverse possession, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered October 27, 1993, as denied its motion for summary judgment and granted the separate cross motions of the defendants Linda Efstathiou and the City of Yonkers for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

This action involves conflicting claims of title to a so-called "paper" portion of a mapped street in the City of Yonkers known as Longvale Road. The disputed road extends in front of the property of the defendant Linda Efstathiou and abuts the rear of the property of the plaintiff church. In this rear area the church has maintained a playground since 1953. The church claims, *inter alia,* ownership to all of the disputed portion of Longvale Road and an easement across that portion of the road upon which the Efstathiou property fronts.

A review of the facts of this case reveals that Longvale Road was offered for dedication by virtue of a recorded subdivision map in 1924. By the authority granted to the City of Yonkers by the State Legislature as set forth in the Supplemental Charter of 1908 (City of Yonkers Supplemental Charter art VII, as added by L 1908, ch 452) and as readopted in its subsequent charter (City of Yonkers Charter art XI), the City of Yonkers has the power to declare streets public. By City of Yonkers General Ordinances Nos. 16-1966 and 3-1984, respectively, the City legally established and re-established the disputed portion of Longvale Road as a public street. Contrary to the church's assertions, the City could accept the offer of dedication at any time prior to a valid revocation by all the interested parties, the other lot owners who purchased from the dedicator with reference to the recorded map *(see, Hubbard v City of White Plains,* 18 AD2d 674). Moreover, these other owners whose lots abut upon the mapped street are entitled to have the street left open forever as such whether

or not it is accepted by the municipality as a public highway *(see, Borducci v City of Yonkers,* 144 AD2d 321). Additionally, interest in land held by a municipality for public purposes cannot pass by adverse possession *(see, City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118).

The church asserts that the City could not have held the playground area of Longvale Road for the public trust. However, the requisite statutory period to establish a claim of adverse possession is 15 years for those whose possession commenced prior to September 1, 1963 *(see, City of Tonawanda v Ellicott Cr. Homeowners Assn., supra).* Thus, even if the church's possession has been adverse to the City's since 1953, the church could not have held the property adversely for the requisite 15-year statutory period since the City had declared the street public by 1966.

With regard to that part of the disputed road abutting Efstathiou's property, we note that the church as grantor conveyed to Efstathiou all of the church's right, title, and interest to any streets and roads abutting the property to the center line thereof. The wording in the deed controls and the church is therefore not entitled to any easements over this property by necessity or otherwise.

We have reviewed the church's remaining arguments and find them to be without merit. Balletta, J. P., Miller, Santucci and Altman, JJ., concur.