■ CITY OF NEW YORK, Respondent-Appellant, v SEABURY CONSTRUCTION CORPORATION, Defendant, and JEFFREY CHAIN CORPORATION, Appellant-Respondent. [771 NYS2d 508]—

Judgment, Supreme Court, New York County (Helen Freedman, J.), entered April 16, 2003, which, upon a prior grant of summary judgment as to liability and after a nonjury trial upon the issue of damages, awarded plaintiff City of New York dam-

ages in the amount of $1,340,064.38, unanimously affirmed, without costs. Appeals from orders, same court (Ira Gammerman, J.), entered November 25, 2002 and May 8, 2003, unanimously dismissed, without costs, as subsumed in the ensuing judgment.

This action arises out of a contract to reconstruct 27 tanks for waste water treatment at the Hunts Point Water Pollution Control Point, located in the Bronx, owned by plaintiff, the City of New York. The City entered into a contract (the Contract) with defendant Seabury Construction Corporation for reconstruction of the tanks, which included installation of new stainless steel chains and other related equipment. Seabury entered into a contract (the Purchase Order) with defendant Jeffrey Chain Corporation, a manufacturer of chain, to purchase chain for the project. The Purchase Order specifically incorporated the Contract specifications and provided that the City shall have "discretion" to determine "acceptability" of the chains and specified the City to be the "sole judge" of acceptability. Jeffrey provided a quality certification to the City, certifying that the "items covered by the subject purchase order have been thoroughly inspected and proven to comply with the approved purchase order specifications." On this record, the court properly concluded that the City was an intended third-party beneficiary of the Purchase Order (see Internationale Nederlanden [U.S.] Capital Corp. v Bankers Trust Co., 261 AD2d 117, 123 [1999]; City of New York v Kalisch-Jarcho, Inc., 161 AD2d 252 [1990]) and properly upheld the City's claims for breach of express warranty (see UCC 2-313; Randy Knitwear v American Cyanamid Co., 11 NY2d 5, 14 [1962]; County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs., 114 AD2d 728, 730 [1985], appeal dismissed 67 NY2d 757 [1986]) and negligent misrepresentation (see Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417 [1989]).

In prior federal litigation, the federal court found that the chains failed because they were not manufactured in accordance with the Contract specifications and that such failure constituted a breach of the Purchase Order (see Seabury Constr. Corp. v Jeffrey Chain Corp., 289 F3d 63 [2002]). Jeffrey is therefore collaterally estopped from litigating this issue (see Pinnacle Consultants v Leucadia Natl. Corp., 94 NY2d 426, 431-432 [2000]; Kaufman v Eli Lilly & Co., 65 NY2d 449, 455-456 [1985]) and summary judgment on liability was properly awarded to the City.

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Ellerin and Williams, JJ.