■ CORNHUSKER FARMS, INC., Respondent-Appellant, v HUNTS POINT COOPERATIVE MARKET, INC., Appellant-Respondent. [824 NYS2d 257]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered March 15, 2006, which, to the extent appealed from, denied both parties' motions for partial summary judgment but granted plaintiff's cross motion to amend its complaint, unanimously modified, on the law, defendant granted partial summary judgment dismissing so much of the first cause of action as seeks recovery for failure to build items not specifically set forth in exhibit D to the subscription agreement, and otherwise affirmed, with costs in favor of defendant.

The court properly permitted amendment of the complaint to add Nebraskaland, Inc. and Elk Horn, Inc., companies owned by plaintiff Cornhusker's principal, as parties plaintiff. The amendment merely shifted Cornhusker's claims to parties that could have asserted them in the first instance (*see New York State Thruway Auth. v CBE Contr. Corp.*, 280 AD2d 390 [2001]). Defendant cannot demonstrate any prejudice by this amendment,

since the record establishes its awareness of the relationship between Cornhusker and Nebraskaland, and that Cornhusker was merely the real estate holding company and Nebraskaland the operating company. Indeed, the record establishes that defendant negotiated the contracts at issue with representatives of Nebraskaland, and defendant has obtained discovery from Nebraskaland and deposed its employee. The record also shows Nebraskaland was an intended third-party beneficiary of the subscription agreement and the sublease executed between Cornhusker and defendant (*see Internationale Nederlanden [U.S.] Capital Corp. v Bankers Trust Co.*, 261 AD2d 117, 123 [1999]; *City of New York [Dept. of Parks & Recreation-Wollman Rink Restoration] v Kalisch-Jarcho, Inc.*, 161 AD2d 252 [1990]). Elk Horn was properly added as an additional party, as the transferee of Cornhusker's proprietary shares in the sublease in 2002.

In a prior appeal in this case, we sustained the first cause of action to the extent it was based on allegations that defendant breached the parties' subscription agreement by failing to comply fully with the generic building design improvements, entitled "Landlord's Work," outlined in exhibit D to the agreement. We dismissed a portion of the first cause of action to the extent it was based on defendant's alleged noncompliance with architectural plans and drawings that were not incorporated in the parties' subscription agreement (2 AD3d 201, 203-204 [2003]). Defendant is entitled to summary judgment dismissing the first cause of action to the extent it seeks recovery for failure to construct Jamison Cold Storage Doors, Fast-Acting (Rytec) Bi-fold Doors, a 50-foot concrete apron, a walkway canopy, a "hot water fin-tube baseboard" heating system for the office mezzanine and an "in-rack" sprinkler system, all these items based on the architectural plans and drawings, but not included in exhibit D.

The remainder of defendant's summary judgment motion was properly denied since the record raises numerous issues of fact, including whether construction of the warehouse space at issue was "substantially complete" by the deadline in the parties' agreement, whether defendant breached the agreement to retain a "construction manager," and whether plaintiff sustained damages attributable to the delay in completing construction. Summary judgment was properly denied on defendant's counterclaim for rent owed because, under the parties' subscription agreement, commencement of the lease was dependent on when the unit was substantially complete. Plaintiff also was not entitled to summary judgment in view of the triable issues of fact raised.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, Marlow and Nardelli, JJ.