■ LEXJAC, LLC, et al., Respondents, v JULIANNE W. BECKERMAN et al., Appellants. [898 NYS2d 245]—

In a hybrid action, inter alia, for a judgment declaring, among other things, that a resolution of the Board of Trustees of the Incorporated Village of Muttontown dated July 10, 2007, which rescinded its prior resolution dated October 17, 2005, is a nullity, and proceeding pursuant to CPLR article 78 to review that resolution, the appeal, as limited by the appellants' brief, is

from so much of an order of the Supreme Court, Nassau County (Brandeveen, J.), dated October 16, 2008, as, sua sponte, reinstated so much of an order of the same court dated March 31, 2008, as denied their motion to dismiss the complaint/petition, which order it had previously vacated.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, reinstated so much of the order dated March 31, 2008, as denied the appellants' motion to dismiss the complaint/petition is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

This hybrid action and proceeding involves, inter alia, the validity of a resolution adopted by the Board of Trustees of the Incorporated Village of Muttontown (hereinafter the Board of Trustees) in October 2005, pursuant to which the Village declined an offer of dedication of a 1.1-acre parcel of property (hereinafter the parcel) made in 1972 by Foreal Homes, Inc. (hereinafter Foreal) the developer of a subdivision. Shortly before the adoption of that resolution, the plaintiff/petitioner Lexjac, LLC (hereinafter Lexjac), of which the plaintiff/petitioner Richard Entel was the sole member, purchased the parcel from Foreal. Entel was a member of the Board of Trustees at the time the October 2005 resolution was adopted, and he recused himself from voting on the resolution. In a resolution adopted by the Board of Trustees in July 2007, the Village rescinded the October 2005 resolution and accepted the offer of dedication of the parcel by Foreal.

The defendants/respondents moved to dismiss the complaint/petition, contending that the October 2005 resolution was a void and unenforceable contract between the Village and Entel, an officer of the Village, within the meaning of General Municipal Law § 801. However, in related litigation between the parties, the United States District Court for the Eastern District of New York specifically determined that the October 2005 resolution declining the offer of dedication of the parcel was not a prohibited contract within the meaning of General Municipal Law § 801, and that any conflict of interest was cured by Entel's disclosure of his interest and recusal from the vote. We agree with the plaintiffs/petitioners that these findings of the federal court are entitled to collateral estoppel effect in this action/proceeding.

Collateral estoppel applies whether or not the tribunals or causes of action are the same, and what is controlling is the

identity of the issue which necessarily has been decided in the prior action or proceeding (*see Ryan v New York Tel. Co.*, 62 NY2d 494 [1984]). Thus, the doctrine bars a party from relitigating an issue in a state action which has been decided against it in a prior federal action in which the party had a full and fair opportunity to litigate it (*see Pinnacle Consultants v Leucadia Natl. Corp.*, 94 NY2d 426 [2000]; *City of New York v Seabury Constr. Corp.*, 4 AD3d 124 [2004]; *Mattes v Rubinberg*, 220 AD2d 391 [1995]).

The decision of the federal court makes it clear that its factual determinations that the October 2005 resolution fell within General Municipal Law § 809 and not General Municipal Law § 801, and that any conflict of interest was cured by Entel's recusal from the vote on it, was on the merits. Since the defendants/respondents were parties to the federal action, we reject their contention here that they were not afforded a full and fair opportunity to litigate that issue in the federal action. However, we agree with the defendants/respondents that the federal court's determinations that the Village's purported disavowal of the October 2005 resolution was untimely and that the conveyance to Lexjac was supported by adequate consideration are not entitled to collateral estoppel effect. Those federal court determinations were solely based upon the adequacy of the pleadings and did not determine those issues on the merits.

Giving collateral estoppel effect to the federal court's findings that the October 2005 resolution was not an illegal contract under General Municipal Law § 801, and that any conflict of interest was cured by Entel's disclosure of his interest and recusal from the vote on the October 2005 resolution, in itself, requires denial of the motion of the defendants/respondents to dismiss all of the causes of action set forth in the complaint/petition, except the cause of action alleging violations of the State Environment Quality Review Act (hereinafter SEQRA) (*see* ECL art 8). At this juncture, the defendants/respondents did not establish entitlement to dismissal of the cause of action alleging SEQRA violations.

We reject the contention of the defendants/respondents that Foreal and the other homeowners of the subdivision are necessary parties to this action (*see* CPLR 1001; *Cannon v Sikora*, 142 AD2d 662 [1988]). We also reject the plaintiffs/petitioners' argument that this Court should search the record and award them summary judgment.

The parties' remaining contentions are without merit. Dillon, J.P., Florio, Leventhal and Roman, JJ., concur.