■ UNDERHILL AVENUE CORP., Appellant, v VILLAGE OF CROTON-ON-HUDSON et al., Respondents. [919 NYS2d 67]—

In 1954, the Planning Board of the Village of Croton-on-Hudson (hereinafter the Village) approved development of the Riverbank Homes subdivision subject to certain conditions, including an offer of dedication of lot 14 as a playground area. The final plat for the subdivision, filed in the Westchester County Clerk's office on October 5, 1954, noted the offer to dedicate lot 14 with the words "playground area" on lot 14. It is undisputed that the Village never accepted the offer of dedication.

In August 2007, the plaintiff contracted to purchase lot 14. The sale was contingent upon the plaintiff obtaining a building permit for the construction of a single-family home on lot 14, and was subject to covenants, conditions, easements, and restrictions of record. The plaintiff submitted a building permit application to the Village Building Department with a request that it remove the designation of the lot as a playground area. The request was denied. The plaintiff then commenced this action against the Village, seeking a declaration that lot 14 is not subject to any condition that the lot remain a "playground area"

nor to any right of the Village to claim any interest or entitlement to lot 14 as a "playground area."

The plaintiff then moved for summary judgment. The Supreme Court denied the plaintiff's motion without prejudice, directing the plaintiff to serve the homeowners of the subdivision with the pleadings and motion papers. Four homeowners intervened as defendants and opposed the motion. The Supreme Court ultimately denied the plaintiff's motion, searched the record and awarded summary judgment to the defendants, holding that the plaintiff is not entitled to removal of lot 14's designation as a playground area unless all interested parties agreed to revoke the dedication. The plaintiff appeals, and we affirm.

A municipality may accept an offer of dedication at any time prior to a valid revocation by all parties who have a legal interest in the land subject to such offer, including subdivision homeowners who purchase their lots with reference to a subdivision map noting the offer of dedication (*see Foreal Homes v Incorporated Vil. of Muttontown*, 128 AD2d 585 [1987], *affd for reasons stated* 71 NY2d 821 [1988]; *West Ctr. Cong. Church v Efstathiou*, 215 AD2d 753 [1995]; *Landon v City of Binghamton*, 79 AD2d 810 [1980]; *Hubbard v City of White Plains*, 18 AD2d 674 [1962]; *Sauchelli v Town of Hempstead*, 1 AD2d 689 [1955]). The plaintiff concedes that the offer of dedication was never revoked by all interested parties. Instead, the plaintiff contends that the Village implicitly rejected the offer, rendering the plat notation without effect. Contrary to the homeowners' contention, this challenge is not time-barred pursuant to Village Law § 7-740, since the plaintiff is not challenging the original imposition of the condition that the developer offer to dedicate lot 14 (*cf. Foreal Homes v Incorporated Vil. of Muttontown*, 128 AD2d 585 [1987]). However, it is without merit.

A municipality may reject an offer of dedication (*see Lexjac, LLC v Beckerman*, 72 AD3d 748 [2010]; *Matter of Montipark Realty Corp. v Village of Monticello*, 174 AD2d 876 [1991]). Here, however, the Village did not do so. A lapse of time does not extinguish an offer of dedication, which may be accepted at any time prior to a valid revocation by all interested parties (*see West Ctr. Cong. Church v Efstathiou*, 215 AD2d 753 [1995]; *Hastings Petroleum Corp. v Incorporated Vil. of Hastings-on-Hudson*, 13 AD2d 963 [1961], *affd* 11 NY2d 850 [1962]). Further, a failure to accept an offer of dedication is not a rejection of that offer (*see Foreal Homes v Incorporated Vil. of Muttontown*, 128 AD2d 585 [1987]; *West Ctr. Cong. Church v Efstathiou*, 215 AD2d 753 [1995]). None of the Village's actions cited by the plaintiff were entirely inconsistent with a later acceptance by

the Village of the offer of dedication (*cf. Matter of Fox St.*, 54 App Div 479 [1900]). Finally, the open offer of dedication noted on the subdivision plat remains enforceable against subsequent purchasers, regardless of the fact that the Village previously purported to convey lot 14 without noting the open offer of dedication on the deed (*see O'Mara v Town of Wappinger*, 9 NY3d 303 [2007]). Accordingly, the offer of dedication remains open and the Supreme Court properly awarded summary judgment to the defendants.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that lot 14 of the Riverbank Homes subdivision in the Village of Croton-on-Hudson is subject to an open offer of dedication as a playground area, as noted on filed map No. 9388, dated May 29, 1954 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Florio, Dickerson and Cohen, JJ., concur.