■ GREGORY SOLDATENKO et al., Appellants, v VILLAGE OF SCARSDALE, Respondent. [31 NYS3d 117]—

In an action pursuant to RPAPL article 15 to determine claims to real property and for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Westchester County (DiBella, J.), dated October 7, 2013, which granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the plaintiffs' attempted revocation of a certain offer of dedication was ineffective.

In 1936, the Planning Commission of the Village of Scarsdale approved development of a certain subdivision plan subject, inter alia, to the designation of a 50-foot strip of land extending westerly from Lenox Place as reserved for the public right-of-way. The final plat for the subdivision, filed in the Westchester County Clerk's office on February 15, 1937, noted the offer to dedicate the strip of land, otherwise part of lot 405, with the words, "Reserved for 50 Public Right of Way."

In March 2001, the plaintiffs acquired certain property which included lot 405. In a letter dated November 30, 2012, the plaintiffs informed the Village of Scarsdale that they were revoking any offer of dedication that may have been made with regard to the subject right-of-way. Thereafter, they instituted this action pursuant to RPAPL article 15, seeking, inter alia, a judgment declaring that the Village has no rights whatsoever with respect to the right-of-way.

The Village moved, inter alia, pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the plaintiffs could not revoke an offer of dedication of land to public use where, as here, the offer of dedication was made by the filing of a sub-division map and other subdivision residents had purchased their properties in reliance upon the dedication offer noted on the subdivision map. The Supreme Court granted the motion, finding, inter alia, that the plaintiffs' attempted revocation of the offer of dedication was ineffective and invalid because it did not include the revocation of all parties who have a legal interest in the land subject to the offer. The plaintiffs appeal, and we affirm.

"A municipality may accept an offer of dedication at any time prior to a valid revocation by all parties who have a legal interest in the land subject to such offer, including subdivision homeowners who purchase their lots with reference to a sub-division map noting the offer of dedication" (*Underhill Ave. Corp. v Village of Croton-on-Hudson*, 82 AD3d 963, 965 [2011]; *see West Ctr. Cong. Church v Efstathiou*, 215 AD2d 753 [1995]; *Foreal Homes v Incorporated Vil. of Muttontown*, 128 AD2d 585 [1987], *affd for reasons stated* 71 NY2d 821 [1988]; *Landon v City of Binghamton*, 79 AD2d 810 [1980]). On appeal, the plaintiffs do not contest the Supreme Court's finding that the filing of the subdivision plat constituted a continuing offer of dedication of the right-of-way (*cf.* Village Law § 7-730; *Foreal Homes v Incorporated Vil. of Muttontown*, 128 AD2d at 586; *Hubbard v City of White Plains*, 18 AD2d 674, 675 [1962]; *Goulding v Town of Tonawanda*, 282 App Div 321 [1953]). Nor do they dispute that their purported revocation was invalid because it was not made by all interested parties (*see West Ctr. Cong. Church v Efstathiou*, 215 AD2d 753 [1995]; *Foreal Homes v Incorporated Vil. of Muttontown*, 128 AD2d 585 [1987]; *Hubbard v City of White Plains*, 18 AD2d at 675). Instead, they argue for the first time on appeal that the Village rejected the offer of dedication in 1966 when it removed from the official village map an adjacent paper street, or, in the alternative, that the Village does not have the right to use the right-of-way

until it officially accepts the offer of dedication. As these contentions are improperly raised for the first time on appeal, we have not considered them.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the plaintiffs' attempted revocation of the offer of dedication was ineffective (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Dillon, J.P., Austin, Maltese and Barros, JJ., concur.