Filomio Truck Sales, Inc. v City of New York (2021 NY Slip Op 00994)





Filomio Truck Sales, Inc. v City of New York


2021 NY Slip Op 00994


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Manzanet-Daniels, J.P., Webber, Oing, Kennedy, JJ. 


Index No. 25905-15E Appeal No. 13139-13139A Case No. 2019-5781 

[*1]Filomio Truck Sales, Inc., Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.


Vishnick McGovern Milizio LLP, Lake Success (Richard H. Apat of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Mackenzie Fillow of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered January 23, 2020, declaring that defendant City of New York is the fee title owner of the property at issue and that plaintiff wrongfully occupied the City's property from March 19, 1980 until present, granting an order of ejectment, and dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about July 3, 2019, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The City demonstrated conclusively that it holds the subject property in its governmental capacity and is therefore immune from claims of adverse possession (see Mazzei v Metropolitan Transp. Auth., 164 AD3d 1227, 1228 [2d Dept 2018]). The City showed that the disputed parcel is a part of Boller Avenue in the Bronx and is mapped as a part of the street. The rights of a City to its streets are inalienable (New York City Charter § 383; General City Law § 20[2]). The only way for plaintiff to acquire fee title to the parcel is through the statutory conveyance procedure provided for by Administrative Code of NY §§ 5-432 and 4-105.
The City's inaction with respect to development of the parcel does not transform the nature of its holding from governmental to proprietary (see e.g. West Ctr. Cong. Church v Efstathiou, 215 AD2d 753 [2d Dept 1995]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021